No. 58.—JAMES W. CLIFFORD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Where a defendant was indicted for simple larceny, in stealing a slave, and the evidence on the trial showed that the defendant, by his own confessions, made a promise to carry the slave with others, North, the slaves consenting to be sold once on the way : *Held,* that the Jury might, under the 45th section of the 14th division of the Penal Code, find the defendant guilty of an attempt to commit the offence charged in the indictment, without any special count for that purpose.

Indictment for simple larceny, in Bibb Superior Court. Tried before Judge STARK, July Term, 1851.

At the July Term, 1851, of Bibb Superior Court, James W. Clifford was put on his trial for stealing a negro boy, the property

Clifford *vs.* The State.

of James W. Armstrong. Counsel for the State offered in evidence, two letters written by the said defendant, to one ——— Crawford.

The following is a copy of that portion of the letters material to the points decided by the Court :

Macon, 23d.

*Dear Sir and Chum :* * * * " Well, well, there is another dodge, might be which I have already go scheming. I have four negroes whom I have promised to carry North, agreeing that they will consent to be sold once on the way. Well, these negroes are stout carpenters, worth from ten to fifteen hundred dollars each. Well, we could sell them and *cut* thus, with four or five thousand we could *burst* it for two years, and then play the same game again. These negroes meet me at their father's who is *free*, at Christmas, 25th next month, their father furnishes a couple of horses and wagon to start on. The horses will sell for grog money. * * * * Unless I make the negro business work, I am dead broke at present. * * * I think the best thing is, to go home till christmas, or about a week before, and then come on, and we'll raise a storm on these negroes. The business might be carried on gloriously for some time."

Your friend,

J. W. CLIFFORD.

Macon, Ga. December 19, 1850.

*Dear Sir :* * * * * " I am with you heart and hand, and will put the thing through. Just name the thing, and it is done. As you have probably received my last, and the one previous to that, ere this late date, I'll not make this interesting, through fear it might fall into the hands of some one that is not one of us, and thus frustrate our schemes. Don't fear, for there is no danger *here*. We'll be together and spree it yet, if you say so. Well, and doing well. Truly your's forever,

J. W. CLIFFORD."

These letters were addressed to R. R. Clifden, in the State of

Virginia, and it was admitted by counsel for defendant, that they were written by defendant, and sent by him to —— Crawford, and that they were received by Crawford and taken from him by the officers, who arrested him in the State of Virginia.

To the reading of these letters to the Jury, counsel for defendant objected :

1st. Because there appears to be no date to one of the letters.

2d. Because the letters are not evidence to sustain the issue on the bill of indictment.

The Court overruled the objections and the letters were read in evidence, and counsel for defendant excepted.

Mrs. Carver sworn for the State—testified " that she was acquainted with two men slaves, who are the reputed sons of free George ; these two boys came frequently to her house to buy horses, one of them about 15th May, the last time ; one of them wanted a large pony that was at her house for sale ; the boy said his father would come round and pay the money for them, and the boy said his father wanted a wagon and two horses ; his father did not come ; on Saturday they came round and said he liked the horses, but did not like the price. The boys frequently said that their father had the money—they did not trade—I saw no more of them."

To this evidence, counsel for the defendant objected. The Court overruled the objection, and defendant excepted.

It appeared from the testimony, that a free negro, by the name of George, lived in the neighborhood of the place where the defendant, Clifford, taught school, and that he had four sons who were carpenters, and belonged to citizens of Bibb County ; that one of them, named Sam, was the property of James W. Armstrong, and was missing about the 1st of May, 1851, and that he is still absent.

The Court charged the Jury, " that if they believed that the defendant, Clifford, had entered into any arrangement or contract with the negro George, or his children, referred to in the evidence, to commit the crime charged, and was prevented from carrying it into effect, that under the Code they might find him guilty of an attempt to commit the crime."

Clifford *vs.* The State.

To which charge counsel for defendant excepted, and upon these several exceptions have assigned error.

HINES & HINES, for plaintiff in error.

Sol. Gen. McCUNE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The letters of the defendant were admitted to be in his handwriting, and were properly admitted in evidence by the Court below.

The evidence of Mrs. Carver proved an independent fact, that two of the reputed sons of free George, applied to her to purchase horses; whether that fact had any connexion with the object contemplated in the letters of the defendant, was for the Jury to determine.

There is no error, in our judgment, in the charge of the Court to the Jury. By the 45th section of the 14th division of the Penal Code, it is declared, " that upon the trial of an indictment for any offence, the Jury may find the accused not guilty of the offence charged in the indictment, but guilty of an *attempt* to commit such offence, without any special count in the indictment for such attempt. Provided the evidence before them will warrant such finding." *Prince*, 664. By the admissions of the defendant, he had promised to carry four negroes North; they agreeing to be sold once on the way. These negroes were *stout carpenters*, who met the defendant at their father's, who was free, and who had agreed to furnish a couple of horses and wagon to start on. There was *some evidence* at least, of an *attempt* to steal the slave, Sam, who is proved to be a carpenter, and the reputed son of free George. Whether the defendant was prevented from stealing Sam by his running away, or from any other cause, was a question for the Jury. Although the evidence, in the opinion of the Jury, may not have been sufficient to prove the fact of stealing the negro, Sam, by the defendant; yet, there is, in our judgment, evidence from which the Jury might have found him guil-

ty of the *attempt* to commit the offence. In cases of this char-
acter, owing to the particular species of property alleged to have
been stolen, *positive* evidence of guilt, is rarely attainable, and
if it should be required in all cases, a conviction would seldom,
if ever, be had.

The guilt of the accused, in most instances, can only be
shown by *circumstantial* evidence.

The Jury being the proper and exclusive judges of the weight
of the evidence submitted to them, as to the guilt or innocence
of the defendant, and having found him guilty of an *attempt* to
commit the offence charged in the indictment, we cannot say
that there was not sufficient evidence to justify their verdict.

Let the judgment of the Court below be affirmed.