[No. 5012.]

## Henry McGee v. The State.

1. ASSAULT TO RAPE—PRACTICE—EVIDENCE.—The mother of the alleged injured party was permitted, on a trial for assault with intent to rape, to testify, for the State, to the particulars of the complaint made to her by the alleged injured party on the morning after the night of the alleged assault. *Held*, error. Such evidence is admissible only when the statements of the alleged injured party are cotemporaneous with and illustrative of the assault, and therefore are *res gestæ*.
2. SAME—CHARGE OF THE COURT.—Evidence tending to show that the accused made an indecent assault upon the person of the injured female, but with no intention of penetrating her person with his male member, required a charge to the effect that there could be no rape without penetration, and no assault with intent to rape without an intent, at the time of the assault, to penetrate the person of the assaulted female. Refusing a special charge to such effect, the trial court erred.
3. SAME—AGGRAVATED ASSAULT AND BATTERY.—The evidence alluded to demanded of the trial court a charge upon aggravated assault and battery.

APPEAL from the District Court of Limestone. Tried below before the Hon. L. D. Bradley.

The conviction in this case was for an assault with intent to rape one Carry Rhodes, in Limestone county, Texas, on the second day of July, 1885. The penalty assessed against the appellant was a term of two years in the penitentiary.

The statement of facts covers twenty-six pages of the record. Ordinarily the evidence would be reported in a condensed form, in as much as it is involved in each of the rulings of the court. But to follow it in detail, in order to disclose the facts proved—however necessary a process in the court below—would involve the relation of a narrative too indecent and obscene for publication. It is sufficient to say that, according to the testimony of the prosecutrix, the defendant came to her bed, in the house of her mother and stepfather, during the absence of those persons, pulled her clothing up to her waist, unbuttoned his pants and drawers, got on top of the prosecutrix, pressed her legs apart, and placed his male member between her legs at the point of bifurcation, attempting but failing to introduce it into her private organ. He threatened to kill her if she made outcry. The

private parts of the prosecutrix, it seems, were dry when the defendant covered her, but were saturated, as likewise was the bed in part, when he released her.

The defense, in rebuttal, read the written testimony of the prosecuting witness, taken before the examining trial. It contained some statement from which it could be inferred that, in exposing his own and the private parts of the prosecutrix, and in bringing them in to juxtaposition without introducing the one into the other, the accused sought only an interchange of indecent caresses. The written testimony also showed inconsistences in some particulars with the statement of the witness on the stand.

The motion for new trial raised the questions discussed in the opinion.

*Cobb & Kincaid*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. This appeal is prosecuted from a conviction for assault with intent to rape, the punishment fixed for the verdict being two years in the penitentiary.

The assault was made at night, during the absence of the girl's mother and step-father. When they returned, during the night, nothing was said as to what had occurred in their absence, but the girl made complaint to her mother the next morning. The mother being a witness, she was allowed to testify as to the particulars of the complaint made to her by the girl. Under repeated decisions of this court such evidence is inadmissible except where such statements by the injured party are contemporaneous with, and illustrative of, the assault, and, being so, are *res gestæ*. In this case this was not so.

A proper predicate having been laid, the defense introduced in evidence the testimony of the prosecutrix upon the examining trial, which contained statements that tended to prove that it was not the object, or intention, of the defendant to penetrate the person of the assaulted party. Upon this branch of the case a charge was asked, and refused, to the effect that there could be no rape without penetration, and no assault with intent to rape without an intent to penetrate; and that, if the jury believed that there was no intent to penetrate, the defendant should be acquitted. The evidence alluded to above presented an issue in

the case, and it was the peculiar province of the jury to weigh such evidence and determine such issue under proper instructions from the court, and, in the absence of any instruction in the general charge specially submitting this issue, the refusal of those requested was fundamental error.

This same evidence called for a charge upon aggravated assault and battery; for, however outrageous and indiscreet the assault, the intent to penetrate the person is the element which alone can make the crime an assault with intent to rape. The judgment is reversed and the cause remanded.

*Reversed and remanded.*