The State v. Johnson.

THE STATE, *Appellant*, v. JOHNSON.

1. . Criminal Practice ; RAPE : ALIBI : INSTRUCTIONS. On the trial of an indictment for rape, the court, as to the defence of *alibi*, relied on by the defendant, instructed the jury as follows : "If the jury believe and find, from the evidence, that the defendant was not present at the place and time the alleged rape is stated by the prosecuting witness to have been committed, but that the defendant, at the time of the alleged rape, was elsewhere, at another and different place than where the alleged rape is stated to have taken place, then you should acquit the defendant." *Held,* .proper, as against the objections that, by the instruction, the jury were directed to the defence of an *alibi* in language which would be likely to convey to their minds the idea that it was a substantive defence, which must be made out by a preponderance of the evidence, and that such error was not cured by giving an appropriate instruction as to reasonable doubt in its application to the whole case.

2. ———— : INSANITY. Where insanity is relied on as a defence, the burden of proving it rests upon the defendant, and he is not entitled to the benefit of a reasonable doubt, whether he was or not insane.

3. ———— : INSTRUCTING AS TO LESSER DEGREES OF CRIME. The rule requiring the court to instruct as to the law relating to a lesser degree of the crime charged, where the evidence is not conclusive as to defendant's guilt of the higher crime, does not apply in a case of rape, of which offence there are no degrees.

4. ———— : FALSUS IN UNO, FALSUS IN OMNIBUS. An instruction properly stating the rule arising from the maxim, *falsus in uno, falsus in omnibus*, is proper where the defence is an *alibi*, and the testimony of the witnesses directly conflict.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*B. G. Boone,* Attorney General, for the state.

(1) A general instruction as to reasonable doubt is applicable to all the evidence. It is not necessary to

give a special instruction as to reasonable doubt following an instruction for *alibi*. Evidence of *alibi* is only ordinary evidence in rebuttal, and it is to be treated, in instructions, as other similar evidence. *State v. Rockett,* 87 Mo. 666; *State v. Jennings,* 81 Mo. 190; 1 Bish. Crim. Proc. [3 Ed.] sec. 1092. In the case at bar, the instruction as to reasonable doubt covered the whole case, and the instruction as to an *alibi* was as full, fair, and complete, as the evidence justified, or the law warranted. The case is parallel in every material particular with the *Rockett case, supra.* The case of *State v. Lewis,* 69 Mo. 92, does not apply here, because, in that case, no instruction on *alibi* was given. The court of appeals bases its reversal on the alleged error in the instructions as to *alibi.* That there is error in this reversal is evident from the authorities above cited. (2) The evidence of the medical experts in regard to the probable results from an outrage of a girl such as the one named, by a man such as defendant, did not justify an instruction for an assault with intent to commit a rape. The evidence as to the commission of the offence was clear and conclusive, and the instructions properly declared the law applicable to the case under the evidence. Under this state of facts, following the repeated rulings of this court, the verdict of the trial court should not be disturbed on account of its being, as alleged by respondent, against the weight of the evidence. *State v. Warner,* 74 Mo. 83; *State v. Baber,* 74 Mo. 292; *Anderson v. Griffith,* 86 Mo. 549.

*C. P. & J. D. Johnson* and *C. C. Simmons* for respondent.

(1) When, in a criminal case, the only real and substantial defence relied on is an *alibi*, the defendant ought to be acquitted, if the evidence raises a reasonable doubt in the minds of the jury as to whether he was present at the doing of the act charged against him as a

crime, and the jury should be so instructed. The jury were directed to this defence in language which would be likely to convey to their minds the idea that it was a substantive affirmative defence, which must be made out by a preponderance of evidence, an error not cured by the giving of an appropriate instruction as to the doctrine of reasonable doubt in its application to the whole case. The instruction referred to did not fully state the law, and, in the form it was given, was calculated to mislead the jury. *State v. Lewis*, 69 Mo. 92; Bish. Crim. Plead., sec. 1066; *Howard v. State*, 50 Ind. 190; *Pollard v. State*, 53 Miss. 410; *Chappel v. State*, 7 Cold. 92; *Gibbs v. State*, 1 Tex. App. 12; *Commonwealth v. Choate*, 105 Mass. 451. (2) The testimony of Dr. Williamson, and the other medical experts who were witnesses on the trial of this case, was such as to require of the court an instruction as if an attempt only to perpetrate the crime had been proven; and it was error in the court to omit the giving of such an instruction. *State v. Branstetter*, 65 Mo. 149–155; *State v. Banks*, 73 Mo. 592; *State v. Brady*, 87 Mo. 142; 2 West. Rep. 131. (3) There was no occasion for the giving of the seventh instruction in this case. No such attempt had been made on either side to impeach the credibility of any witness, nor does anything appear in the testimony of any one of them which renders the instruction either necessary or proper. (4) The verdict in this case was contrary to the law and the evidence. There is no positive proof to charge the defendant, except that of the injured party. She is as liable to be mistaken as a thousand others have been who have testified to supposed identity. The circumstances relied upon by the state to corroborate her testimony, when carefully considered, must be regarded as weak, uncertain, and insufficient. There is not one of them but is capable of explanation entirely consistent with the innocence of the accused, and one fact amongst them which appeared,

more than any other, to have attracted the attention of the police officers, goes far to rebut the entire case presented by the state.

NORTON, C. J.—The defendant was indicted and tried in the criminal court of the city of St. Louis, and convicted of the crime of rape. From this judgment of conviction he appealed to the St. Louis court of appeals, where the judgment of the criminal court was reversed, and from this judgment of reversal the state has appealed to this court.

The defence relied upon at the trial was an *alibi*, and in reference thereto, and reasonable doubt, the court gave the following instructions :

"4. If the jury believe and find from the evidence that the defendant was not present at the place and time the alleged rape is stated to have been committed, by the prosecuting witness, Kate Farrell, but that the defendant, at the time of the alleged rape, was elsewhere, at another and different place than where the alleged rape is stated to have taken place by said Kate Farrell, then you should acquit the defendant."

"7. The jury are the sole and exclusive judges of the credibility of the witnesses. With that the court has nothing to do ; and if you believe and find from the evidence that any witness or witnesses have wilfully testified falsely to any material fact in the cause, you are at liberty to disregard the whole, or any portion, of such witness' or witnesses' testimony."

"8. The law presumes the defendant to be innocent, and this presumption continues until his guilt has been established by the evidence in the case, to your satisfaction, and beyond a reasonable doubt. By the words, or terms, 'beyond a reasonable doubt,' is meant convinced to a moral certainty. If you are thus convinced of his guilt, it is your duty to convict; if not, it is your duty to acquit."

The court of appeals reversed the judgment of the circuit court, as stated in the opinion, "because ( in the fourth instruction ) the jury were directed to the defence of an *alibi*, in language which would be likely to convey to their minds the idea that it was a substantive affirmative defence, which must be made out by a preponderance of evidence, an error which was not cured by the giving of an appropriate instruction as to reasonable doubt, in its application to the whole case." The precise question involved in the above ruling was ruled otherwise by this court in the cases of *State v. Jennings*, 81 Mo. 185, and *State v. Rockett*, 87 Mo. 666. In the case last cited it is said through Sherwood, J., "I find no fault with the instructions. One was given in respect to the *alibi* of the defendant, and then a general instruction as to reasonable doubt. This last covered the whole case, and in terms applied to all the evidence in it. It was not necessary, and it would be without parallel in criminal practice, to link, *seriatim*, the idea of reasonable doubt to every atom of evidence in the case. Evidence of an *alibi* is only ordinary evidence in rebuttal, and is to be treated in the instructions as is other evidence of like sort. For these reasons, the *State v. Lewis*, 69 Mo. 92, does not apply here, for there, no instruction as to *alibi* was given."

So, where insanity is relied upon as a defence, it is held, in the following cases, that the "burden of proving such insanity rests upon the defendant, and he is not entitled to the benefit of a reasonable doubt whether he was or not insane." *State v. Huting*, 21 Mo. 464; *State v. McCoy*, 34 Mo. 531; and *State v. Klinger*, 43 Mo. 127. We have examined the cases cited by counsel to establish a different doctrine, and while they show that perhaps in Indiana and Tennessee, a different rule from the one above announced obtains as to an *alibi*, we are not disposed to depart from one so long established in this state, believing it to be in accord with sound reason and correct principle.

It is also insisted that the evidence of the medical experts as to whether or not, from the physical condition of the person outraged, the hymen was ruptured or actual penetration had taken place, required the court to give an instruction, as if only an attempt to perpetrate the crime had been proven ; and to sustain this contention we have been cited to the case of *State v. Branstetter*, 65 Mo. 149, and others of which it is a representative. What is there said applies to that class of offences of which there are different degrees, and has no application to a case where the crime of rape is charged, of which there are no degrees. In case of *State v. Burk*, 89 Mo. 635, it is held that sections 1654, 1655, and 1927, Revised Statutes, apply only to that class of offences of which there are different degrees.

It is also insisted that the case did not call for the seventh instruction. We think otherwise ; there was direct conflict between the evidence of the witnesses as to the *alibi*, and other matters in evidence not necessary to specify. Without entering into the details of the evidence, it is sufficient to say of it that it shows the commission of the crime by some one, and that the victim, a girl of about fifteen years of age, immediately after her assailant left her, aroused the household and made complaint ; that her neck, which was swollen with an abrasure of the skin, showed the imprint as of four fingers and thumb of a hand, indicating that she had been so severely choked as to cause her eyes to be bloodshot, and to stand out from their sockets ; that, upon the arrival of the police and physicians, she gave a description of her assailant, as to his color, his mustache, his overcoat, hat, and pants, so minute as to impress the policeman, who knew the defendant, that he was the guilty party. She also stated that while her assailant was choking her, in resisting him, she scratched his hand. It also shows that when defendant was arrested and brought into her presence, a few hours afterwards, she at once recognized

him as the perpetrator of the outrage, and as the officers were taking him away, she procured a pistol, pointed it at defendant, and was prevented from shooting by the officers taking the same from her. It also appears that defendant's hands were examined and one or two fresh scratches were found on one of them. On the other hand, the evidence of the defendant, himself, and two other witnesses, who lived in the lower room of the house where defendant lived, he occupying one upper room with his wife, tended to show that defendant was at his home at the time the outrage was perpetrated. On this subject there was a conflict of evidence, which was for the jury to pass upon, who, having the witnesses before them, were in a better position than we are to determine what weight should be given to their evidence.

I have carefully examined the whole record and find nothing in it to justify an interference with the judgment of the criminal court, and the judgment of the St. Louis court of appeals is hereby reversed and that of the St. Louis criminal court affirmed. All concur.