HANNON, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 15, 1887 — January 10, 1888.*

CRIMINAL LAW AND PRACTICE. *(1) Rape: Evidence: Complaint by prosecutrix. (2–6) Instructions to jury.*

1. In a prosecution for rape it was not error to allow the husband of the prosecuting witness to testify that when she first saw him, some hours after the offense is alleged to have been committed, she made complaint to him of her ravishment and showed him the marks upon her person.

2. To instruct the jury in such a case that certain evidence, if believed by them, corroborates the testimony of the complaining witness, is not error unless the evidence referred to was, in fact, not corroborative evidence.

3. After the jury had returned to the court room and reported that they had failed to agree, the judge instructed them further, and said, among other things, that "the county ought not to be subjected to the costs of another trial, if it can be avoided." *Held,* not error.

4. It is not error, in instructing the jury, to state the substance of the testimony, if such statement is fairly made.

5. In a prosecution for rape the defendant denied the whole story told by the complaining witness and testified that he knew nothing

of the matters testified to by her. *Held,* that it was not error for the court, in instructing the jury, to say: "It is your plain duty, if you believe this woman fabricated the story, to find, if you can, the motive for such a course on her part. It can scarcely be believed that such a thing could be done without any motive."

6. Nor was it error to call attention to the fact that the defendant's testimony is uncorroborated, and to say that his statements "should be received with the allowance his situation demands," and that he "is under a great bias, but the situation of the complainant is different."

ERROR to the Municipal Court of *Dane* County. The case is stated in the opinion.

*Edward P. Vilas,* for the plaintiff in error.

The *Attorney General,* for the defendant in error.

TAYLOR, J. The plaintiff in error was complained of and arrested upon the charge of rape upon the person of Bertha Waldon, a married woman about eighteen years old. The charge was that the crime was committed on the morning of Sunday, February 13, 1887, between the hours of 2 and 6 A. M. The complaint was made and the accused arrested about 10 P. M. of the same day. The accused was held to bail, but imprisoned for want of bail. The district attorney, by direction of the court, filed an information against him in the municipal court of Dane county. The information was filed February 21, 1887. On the 2d of March, 1887, the accused was arraigned in court upon such information, and pleaded not guilty. On the 3d of March, a jury for his trial was drawn. The jury were summoned for the 8th day of March, 1887, upon which day a trial was had and the cause was submitted to the jury. The jury remained out, unable to agree, until the morning of the 9th of March, when they came into court and announced that they had not agreed upon their verdict, and thereupon the court further instructed them, and they again retired, and shortly after agreed upon a verdict finding the defendant guilty of

the crime charged in the information. Before sentence, the defendant moved to set aside the verdict for errors of the court in the admission of evidence and in his instructions to the jury. The motion was overruled, and judgment was pronounced upon the verdict. This judgment is brought up for reversal by a writ of error directed to said municipal court. A bill of exceptions was duly settled, containing all the evidence, the instructions of the court, and the exceptions taken to the evidence and instructions.

Upon reading the evidence in the case, there can be no doubt but that the verdict of the jury is amply supported if they believed the evidence given on the part of the state. That the jury did believe the evidence on the part of the state is clearly established by the fact that they found the defendant guilty of the crime charged. After a careful consideration of the evidence, we find no sufficient reason for believing that the testimony given by the complaining witness, so far as the material facts are concerned, is not worthy of belief. The verdict and judgment must stand, unless the court in the course of the trial committed some error, either in the admission of evidence or in instructing the jury, which might have prejudiced the defendant.

It is claimed by the learned counsel for the plaintiff in error that the judge erred in permitting her husband, as a witness for the state, to testify that she made complaint of her ravishment to him and showed him the marks upon her person. This objection to the evidence is not supported by any authority. On the contrary, it has been held, both in this country and in England, from the beginning of the history of the administration of criminal law, that such evidence is competent for the purpose of corroborating the testimony of the complaining witness, and that the want of such evidence of corroboration is always considered a suspicious fact and highly prejudicial to the case of the state. 13 Vin. Abr. 155, tit. "RAPE," 10. It is said: "In con-

spiracy for rape, *it must be laid* that there was *recens pros-ecutio,* otherwise it will argue a consent; and therefore, because the defendant did not indict the plaintiff for the rape in convenient time after the rape was supposed to be done, but concealed it for *half a year,* and then would have preferred an indictment, it was held to be false and mali-cious." On the same page, the author remarks: "Bracton says 'that immediately after the fact she ought to make hue and cry at the neighboring towns, and show the marks of violence to persons of reputation, at least.'" Again, on the same page: "It is a strong, but not a conclusive, pre-sumption against a woman that she made no complaint in a reasonable time after the fact."

These rules in regard to the crime of rape laid down by the old authors have been recognized by the courts down to the present time; and the fact that the complaining witness made early complaint of the offense charged has always been considered strong corroboration of her charge; and the fact that she made no complaint at the time, and de-layed the prosecution, has always been considered a sus-picious circumstance against the prosecution. In this case the complaining witness testified that, as soon as the accused left her house, she left the house and went to Mrs. Marston's, her nearest neighbor, and told her what had been done; and that when she met her husband on the same day she made complaint to him. *Rex v. Clarke,* 2 Starkie, 241; *Reg. v. Osborne,* Car. & M. 622; *Reg. v. Megson,* 9 Car. & P. 418; *State v. Niles,* 47 Vt. 82; *Baccio v. People,* 41 N. Y. 265; *Reg. v. Walker,* 2 Moody & R. 212; *People v. McGee,* 1 Denio, 19; *People v. Hulse,* 3 Hill, 316; *People v. Mayes,* 66 Cal. 597; *People v. Tierney,* 67 Cal. 54; *State v. Richards,* 33 Iowa, 420; *State v. Clark,* 69 Iowa, 294; *People v. Gage* (Mich.), 28 N. W. Rep. 835. These cases all hold that it is proper for the prosecution to show that the complaining witness made complaint of the alleged ravishment, and that

the person to whom the complaint was made may be called as a witness on the part of the state and may testify that such complaint was in fact made; but the particulars of the statements made by the complaining witness cannot be given in evidence, except in a case where the person ravished is very young. There certainly was no error in permitting the husband of the prosecuting witness to testify that she made complaint to him of the outrage when she first saw him on the evening after the offense was claimed to have been committed; nor was there any error in permitting him and the medical witness to testify to the existence of the marks and bruises upon her person. There is no suspicion attached to the case of the state arising from delay in the prosecution. The injured party, in the language of the old law, made immediate "hue and cry," and had the defendant arrested within a few hours after the alleged crime was committed.

It is insisted that the learned trial judge erred in his instructions to the jury. To the instructions given by the judge before the jury first retired no great objection is made. One general objection made to these instructions is that the court stated to the jury that, to some extent at least, the evidence of the complaining witness was corroborated by the other testimony in the case, especially by the testimony of her husband and the medical witness as to the existence of marks and bruises upon her person, and the evidence of the husband as to the condition of the bed and clothing of his wife as he found them upon his return to the house on Sunday, after his wife had left the house. We think this evidence was clearly corroborative of what she had testified to, especially in regard to these particular matters, and were at least circumstances which tended to prove the main charge against the defendant. The judge might have stated that the evidence that she made complaint to her husband was also corroborative of the main

fact. This is so held in all the cases which hold that evidence that complaint was made is admissible on the trial. In *Baccio v. People, supra,* Justice WOODRUFF, in delivering the opinion in that case, says: " It is not necessary to consider the exceptions taken by the prisoner's counsel to the refusal of the court to instruct the jury that the uncorroborated testimony of the female upon whose person a rape has been committed is insufficient to convict the prisoner as the guilty party, further than to say that if the testimony of the mother was properly received in evidence then the testimony of the injured female was corroborated, and there was therefore no ground for the request." All the mother had testified to on the trial was the complaint made to her by the daughter some time after the alleged rape. We are very clear that the court was justified in saying to the jury that if they believed the evidence of the husband and the doctor then the evidence of the prosecutrix was, in part at least, corroborated. We think the court may properly say that certain evidence, if believed by the jury, corroborates the testimony of the complaining witness; and such statement is not error unless it is apparent that the evidence to which the attention of the jury is called was, in fact, not corroborative evidence. In this case, the evidence to which reference was made by the court is clearly corroborative. The exception to the judge's instructions as to what might be considered as corroborative evidence is the only exception which need be considered, and is, in fact, the only one urged against the instructions given before the jury first retired to consider upon their verdict.

After the jury had retired, they remained out over night, and at 9 o'clock in the morning returned into court, and stated that they had failed to agree, and thereupon the learned judge gave them further instructions. All the instructions so given were excepted to by the learned counsel for the defendant. The learned judge stated to the jury

that " the county ought not to be subjected to the costs of another trial, if it can be avoided." To this, exception was taken. It may not be in good taste to call the attention of the jury to the fact that the county or state will be subject to pecuniary loss if the jury fail to agree, especially in a criminal case, but we cannot say that it is error. It does not mislead, or tend to mislead, the jury as to the facts of the case under consideration; and it might, if it had any effect, be as effectual in inducing the jury to acquit the accused as to convict him. Stronger language was used by the trial judge of a like character in the case of *Douglass v. State*, 4 Wis. 393–4, and this court held that it was not error. The objection that the judge had no right to further instruct the jury is negatived by the provisions of sec. 2855, R. S.

The judge then said: "What is the testimony?" and proceeded to state the substance of the evidence given by the prosecuting witness. We think he detailed the testimony as given by her correctly, and winds up his statement by saying: "This is in substance her testimony." Exception was taken to each sentence of the judge in his statement of the evidence. We see no error in this proceeding on the part of the judge. It is usual and proper that the judge, in instructing the jury, should state the substance of the testimony in the case, and when this statement is fairly made there can be no just cause of complaint. The judge then said to the jury: "Is this evidence true, or is it false? Did she make up and fabricate this story for the purpose of convicting an innocent man? These are plain questions for you, and each of you, gentlemen. It is your plain duty, if you believe this woman fabricated the story, to find, if you can, the motive for such a course on her part. It can scarcely be believed that such a thing could be done without any motive. It is for you to say where the motive is; not for me." These statements in regard to finding a motive on

the part of the complaining witness are especially urged upon this court as improper on the part of the learned judge. There was certainly nothing improper in the first part of the statement; but it is urged that it was improper for the judge to say to the jury that, if they believed the witness fabricated the story, it was their duty to find, if they could, some motive on her part to make the fabrication. We do not think this was improper. A jury would be hardly justified in disbelieving the testimony of a witness, which was uncontradicted, unless there was some very powerful inducement discovered which would operate as a motive to falsification. It was urged that the jury might have found her testimony false because it was contradicted by the defendant, who testified that he was not at the house at all and knew nothing of the matters testified to by the complaining witness; but taking all the testimony in the case, and it seems to us incredible that this testimony of the defendant could have been believed by the jury. Had he admitted that he had been at the house at the time, there would perhaps have been some slight ground for an argument that the offense was not of so grave a character as charged in the information. The defendant having rested upon his general denial of the entire charge, it was certainly quite proper for the judge to say to the jury: " If you agree with the defendant that this is a pure fabrication, you ought, at least, to be able to find some motive for such a wicked fabrication." A known motive for a course of action is always a powerful argument in favor of such action. The absence of any motive for its commission on the part of the person accused of a great crime is strong evidence of his innocence, and, in cases where the evidence is not positive and direct, is almost always sufficient to procure an acquittal.

Certainly, it was not wrong to say to the jury: " If, by your verdict, you say the complaining witness has committed perjury, you ought to find, if you can, some motive for

her perjury." We do not think the defendant was prej-
udiced by this instruction, nor that it was error to give it.
Then followed remarks of the judge upon the subject of
the corroboration of the testimony of the main witness.
Enough has been said above to show that there were no
errors in these instructions.

The judge further instructed the jury as follows: " Was
she really ravished? If it was done once, that is suffi-
cient to complete the crime. Is her testimony contradicted?
Yes, it is by the defendant. His evidence, however, stands
alone. He denies that he was there at all at the time. Is
he corroborated? I know of no evidence in support of
his statements. His statements should be received with the
allowance his situation demands. His interest in the event
is necessarily great; such being the case of all defendants
who are under charge of an enormous crime. It is a fact
that the defendant is under a great bias, but the situation
of the complainant is different. Now, one of the two has
lied; which is it? In settling this question it is your duty
to look at all the circumstances under which the evidence
is given. If one is corroborated by reliable evidence, and
the other is not, that will help to lead to a correct conclu-
sion. If one has a great and apparent motive for misrepre-
sentation, and the other has not, that is another idea in favor
of the side on which it lies. Take the case now, gentle-
men, and decide it according to your sworn consciences;
remembering that you are to find a verdict according to the
testimony given you in the case. You are not to indulge
in suppositions upon which no evidence has been given or
offered. You have no right to trust your own opinion in
the case, unsupported by proof. Jurors have no right to
indulge in surmises and conjectures on subjects concerning
which no evidence has been offered. They are bound to
take the testimony for their sole guide. There is one other
circumstance which perhaps I ought to mention. On the

night in question, when it is said the defendant committed
the offense, there is evidence tending to show that he knew
the complainant was alone.   That evidence is uncontra-
dicted.   That may perhaps aid you in coming to a correct
conclusion.   If the defendant and Waldon were in town
together, and the former went home alone, knowing that
Waldon had been arrested and was in the police station,
that circumstance may add to the probabilities in the case."

We can see no reason for saying that the judge violated
any rule of law in the instructions above quoted.   We can-
not consider *seriatim* each exception taken, as the learned
counsel for the defendant has excepted to each separate
sentence.   The main argument is as to the tendency of the
instructions as a whole.   It is said that the comments of
the judge upon the testimony were one-sided, and evidenced
a disposition to give undue force to the evidence of the
state, and to cast suspicion upon the testimony of the de-
fendant.   We think the nature of the evidence itself was
such that its mere statement to the jury would give force
to the evidence of the state, and weakness to the defense.
It would be almost impossible for a fair-minded judge to
state and comment upon the evidence in this case without
conveying to the jury the impression that he thought the
state's evidence was entitled to the greater credit.   This,
however, is not error.   It would be error in a criminal case,
when the evidence of any particular controverted fact was
not all on one side, for the court to say to the jury that
such fact was established by the evidence,— that would be
invading the province of the jury; but it is not error for
the court to call the attention of the jury to the evidence
which tended to prove such fact, and comment upon it, and
this was all the court did in this case.   We do not think
the learned judge violated the rule laid down by this court
in the case of *Hill v. State*, 17 Wis. 675, and *Dingman v.
State*, 48 Wis. 485.   In both of those cases there was at-

tached considerable doubt as to the guilt of the defendant upon all the evidence in the case.   In the case at bar there is hardly a question as to the guilt of the accused.   In such case there is no reason for criticising the instructions of the court for the purpose of finding some unguarded expression which might possibly violate some rule of propriety on his part.

It is apparent that justice has been done, and the judgment ought not to be set aside except for some  plain error in the proceedings which was or might be prejudicial to the defendant.   We are unable to find any such error in this record.

*By the Court.*— The judgment of the municipal court of Dane county is affirmed.