## Supreme Court—General Term—Fifth Department.

*October*, 1888.

## PEOPLE v. BATTERSON.

Rape.—Indictment.—Variance.—Evidence.

It is sufficient to convict a person of rape if he was present, aiding, and assisting the others in accomplishing that crime by forcibly taking the victim from her escort and protector, even though he did not personally have intercourse with her.

The provision of the Penal Code, section 29,—defining a principal in a crime,—does not change the form of pleading in cases where a person was principal at common law; and the indictment need not in such case set forth the particular acts showing him to be a principal within the provisions of the Code.

While it is competent to show the condition of the prosecutrix mentally and otherwise immediately after the commission of rape upon her, the admission of testimony to the effect that she also threatened suicide some days afterwards is error, for which a judgment of conviction will be reversed.

Appeal by defendant, John Batterson, from a judgment of the Court of Sessions of Monroe County, entered June 6, 1887, upon a conviction of defendant of rape.

Defendant was indicted with Stephen Adwin, John McKibben and Dennis Reardon for a rape committed on the person of Sophia Kaiser at the City of Rochester, July 18, 1886.

The indictment was in the ordinary form, charging in the first count that the defendants named violently and feloniously did make an assault "and her, the said Sophia Kaiser, then and there, against her will and without her consent, and by forcibly overcoming her resistance, feloniously and forcibly did ravish, carnally know and have sexual intercourse with" her, and in the second count the indictment

charges the commission of the crime against the will and without the consent of prosecutrix, "her resistance then and there being prevented by fear of immediate and great bodily harm which she then and there had reasonable cause to believe would be inflicted upon her," etc.

The testimony fully appears in the opinion of the court.

*P. Chamberlain, Jr.,* for defendant, appellant.

*George A. Benton,* district attorney, for the people, respondents.

The question : " Did you ever hear her threaten to take her own life after that ?" did not ask for complainant's words, but only for evidence of her state, condition, and appearance. It was competent to show the effect of this brutality upon the girl mentally and physically. It bears directly upon the question whether this was against her will by force and without her consent.

HAIGHT, J.—The appellant was indicted jointly with Stephen Adwin, John McKibben, and Dennis Reardon, with having on July 18, 1886, at the City of Rochester, in and upon one Sophia Kaiser, violently and feloniously made an assault, and her, the said Sophia Kaiser, then and there, against her will, and without her consent, and by forcibly overcoming her resistance, feloniously and forcibly did ravish, carnally know, and have sexual intercourse. It is contended in the first place that the verdict is against the weight of evidence. It appears from the evidence that Sophia Kaiser was at the time unmarried, and was a servant girl in the employ of one Westfall, on Harvard Street, in the City of Rochester ; that she was keeping company with one George Bahls, whom she subsequently married ; that on Sunday evening, July 18, 1886, she went for a walk with Mr. Bahls, through Nicholas Park, in that city ; that while in the park they met the four persons indicted, who came to them, one saying to Bahls that he wanted him to come with him, and the defendant, Batterson, took hold of the shawl

of Miss Kaiser; but that they got away from them at that
time, and went on walking in another part of the park;
that about half an hour afterwards the same four persons
again came up with them, and McKibben, Reardon, and
Batterson took hold of Bahls, one by the throat, the defend-
ant, Batterson, having a club, and pushing from behind,
and took him away from the girl, while Adwin took hold
of her, and threw her upon the ground; that she cried and
holloaed, and succeeded in getting up. Adwin then went
off with her a little way, and threw her down again. She
called for George, the police, and tried to get up, but he
held her down. That McKibben and Reardon returned to
them, and they held their hands over her mouth, holding
her to the ground, while each of the three in turn violated
her person. Bahls, after getting away from the persons
who took him away from the girl, went for assistance and
found a policeman; and Reardon was arrested the same
evening. The defendant, Batterson, gave himself up to the
police on Tuesday morning, after having remained away
from home over Monday night. The only substantial con-
flict is in the evidence of the defendant, Batterson, who de-
nied that he took part in pushing Bahls away from the girl,
but he admits that when they came up with Bahls and the
girl that Adwin addressed him by saying, "Officer, do your
duty." That he then put his hand upon the shoulder of
Bahls, and said, "Here, my good fellow, you know this is
not a fit place for you to do this. Why don't you take
your girl and go home?" That he did nothing further,
and then went off home. He further admitted that he sup-
posed he knew the intention of the other men in following
the girl, and supposed that they were going to have inter-
course with her. It is not pretended that the appellant
personally had intercourse with the girl, but it is claimed
that he was present aiding and assisting the others in accom-
plishing that crime by forcibly taking from her Mr. Bahls,
who was her escort and protector. We regard the evidence
as ample to sustain the verdict upon this theory.

It is contended, in the second place, that there is a variance between the evidence and the indictment; that the indictment should have charged specifically the acts of the defendant, Batterson, which they sought to prove upon the trial as constituting the crime; and the case of People *v.* Dumar, 106 *N. Y.* 503, is relied upon to sustain this claim. It will be observed that the four persons are indicted together as principals.    Section 29 of the Penal Code defines the principal as " a person concerned in the commission of a crime, whether he directly commits the acts constituting the offense, or aids and abets in its commission, and whether present or absent; and a person who directly or indirectly counsels, commands, induces, or procures another to commit a crime," etc.    No question is made but that this provision is broad enough to cover the acts of the defendant, and make him a principal.    But it is claimed that his acts should be set forth showing that he was a principal within the provisions of this section.    While the provisions of the section defining a principal are broader and more comprehensive than the prior statutes, and embrace what was before known as an accessory before the fact, we do not understand it to have changed the form of pleading in the cases where a person was principal at common law or under the statute.    Such we regard the defendant, Batterson. The crime was commenced when these persons took hold of Bahls and the girl to separate them.    Batterson was then present, and, by taking part in pushing Bahls away from the girl, was aiding and assisting in their separation, so that the other three could have connection with her, and not be prevented by her friend and escort, Bahls.    This would make Batterson a principal at common law, as much as though he was present, aiding, and assisting burglars in the breaking open of a house, although he did not personally enter.

A more serious question is raised in reference to the admission of evidence.    Upon the trial Mrs. Westfall was sworn as a witness on behalf of the people, and gave evi-

dence, as to the condition that Miss Kaiser was in on her return to the house on the evening in question, to the effect that she was very much agitated and excited, and appeared much frightened; that her hair was disordered, her face red, eyes swollen ; that she was crying, and continued cry· ing for some time afterwards ; she appeared very different from usual, and as though she had something on her mind which was greatly troubling her; that she cried a great many nights nearly all night long ; and then, under objection, testified to her having threatened to take her own life; that before that, she was a girl of a very happy disposition and of pleasant manners.

The decisions in the different States of the Union are not in exact harmony upon the question here presented. The subject was under consideration in this court in the case of People v. Clemons, 3 *N. Y. Crim. Rep.* 565, in which case many of the authorities are cited and considered. The rule in this State doubtless is that on the trial of an indictment for rape proof of the fact that the prosecutrix made complaint recently after the commission of the offense is competent ; while details given by her as to how the offense was committed, and by whom, are not competent as evidence in chief ; that it is also competent to show the condition of the prosecutrix, mentally and otherwise, immediately after the offense, in order that the jury may judge more accurately as to the credit that should be given to her testimony.

The evidence as to her disheveled hair, her frightened appearance, red face, and swollen eyes, and of her crying, was doubtless competent. The testimony to the effect that she also threatened suicide some days afterwards is going a step beyond the well-authenticated rule. While I am not prepared to say that it was such an error as would make a new trial necessary, my associates are of that opinion. They think it was incompetent, and tended to prejudice the jury against the defendant. Rex v. Clarke, 2 *Starkie*,

:241; Baccio *v.* People, 41 *N. Y.* 265. No other questions .are raised which it is necessary to here consider.

The judgment and conviction reversed, and new trial -ordered, and the proceedings remitted to the Court of Ses-.sions of Monroe County to proceed thereon. So ordered.

BARKER, P. J., and BRADLEY, J., concur. DWIGHT, J., ·concurs in the result.

---

### NOTE ON RAPE.

The object of the present note is to give all the recent decisions of :any importance upon the crime of rape. For other authorities, see .a note to People *v.* O'Sullivan, 5 *N. Y. Crim.* Rep. 251.

**What Constitutes Rape.** —Under the Indiana statute, similar to ·our own, that proof of penetration is sufficient evidence of the crime, it is sufficient to prove penetration either by direct or circumstantial ·evidence, and evidence of penetration of the slightest depth is sufficient to establish the crime of rape, if the other elements of the ~offense are present. Taylor *v.* State, 12 *N. E. Rep.* 400; 111 *Ind.* 279.

Rape of a female under the age of consent comprehends none of ·the elements of rape on a person over that age, namely, force, threats, or non-consent; the carnal act itself is *ipso facto* rape. Nicholas *v.* State (Tex.), 5 *S. W. Rep.* 239; 23 *Tex. App.* 317.

The consent of a female child, who on account of her tender years is incapable of understanding the nature of the act of rape, will not protect the defendant. Coates *v.* State (Ark.), 7 *S. W.Rep.* 304.

**Corroboration of Prosecutrix.**—It is not essential that the prose-·cutrix should be corroborated by the testimony of other witnesses as to a particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn. Fager *v.* State (Neb.), 35 *N. W. Rep.* 195.

**Indictment.**—Under the Texas statute,—which has two subdivisions, first, rape when committed upon a woman, and second, committed upon a female under the age of ten years; to constitute a rape of the first class,—that is, upon a woman,—it is not necessary to allege or prove that the woman was over the age of ten years. Nicholas *v.* State (Tex.), 5 *S. W.Rep.* 239; 23 *Tex. App.* 317.

Under a statute making a distinction between forcible rape and

the carnal knowledge of a child, the defendant cannot be convicted of an attempt to carnally know a female child under the age of ten years under an indictment charging an attempt to commit rape forcibly and against the will. Bonner *v.* State (Miss.), 3 *So. Rep.* 663.

The word " female" in an indictment for rape, has the same meaning as the word " woman," and is sufficient. Myers *v.* State (Ala.), 4 *So. Rep.* 291; 22 *Tex. App.* 419.

An indictment need not set out at length or allege the character of force, or specify the threats used. Cooper *v.* State (Tex.), 3 *S. W. Rep.* 334.

**Complaint by Prosecutrix.**—It is not error to allow the husband of the prosecutrix to testify that she made complaint of her ravishment, and showed him the marks upon her person. Hannon *v.* State (Wis.), 36 *N. W. Rep.* 1; 70 *Wis.* 448.

Where complaints made by the prosecutrix after the injury, or not a part of the *res gestæ*, have been elicited in part by the defendant, or in course of examination, or in part by the effort of the defendant to impeach the prosecutrix by discrediting her story, it is permissible for the State to introduce the full particulars and details of the complaints made, either by the testimony of the prosecutrix, or of the party to whom they were made. Barnett *v.* State (Ala.), 3 *So. Rep.* 612.

It is error to admit evidence of the statements made by prosecutrix at the time of making complaint, her testimony not being attacked. State *v.* Campbell (Nev.), 17 *Pac. Rep.* 620.

On a trial for rape of a child under fourteen years of age, the mother may testify to a statement as to the person committing the offense, made to her by the child for the first time about thirteen days thereafter, it appearing that the child had concealed it from her through fear of being whipped. People *v.* Glover (Mich.), 38 *N. W. Rep.* 874.

Evidence of what prosecutrix said in telling of the assault to her neighbors is made admissible by subsequent testimony assailing her credit. State *v.* Freeman (N. C.), 5 *S. E. Rep.* 921.

On trial of a prisoner for rape alleged as being committed on a certain Saturday, the mother of the prosecuting witness was permitted to testify as to the details and circumstances of the alleged offense, as related to her by her daughter on the following Friday; such statements not having been voluntary on the part of the daughter but the result of questioning by the mother. *Held*, error. Parker *v.* State (Md.), 10 *Atl. Rep.* 219.

The declarations of the injured person (in this case a child under ten years of age) in reference to the offense, made several days

after its commission, are not admissible in evidence to the jury,. unless the delay in making such declaration is first explained and excused by proof of sufficient cause therefor.     Dunn *v.* State (O.), 12 *N. E. Rep.* 826.

Such declarations are not admissible as evidence-in-chief to prove the commission of the offense, but only to corroborate the testimony of the injured person given in court.     *Id.*

**Character of Prosecutrix.**—It is proper to exclude evidence as to particular acts of unchastity on the part of the prosecutrix not connected with the case on trial.     State *v.* Campbell (Nev.), 17 *Pac. Rep.* 620.

In a prosecution for a rape of a girl under fourteen years of age, —the age of consent under the Michigan statute of 1887,—where the prosecution attempted to show that she had thereby contracted venereal disease, evidence offered by defendant of the character of the girl for chastity and of specific acts of lewdness with small boys. nine months before, was properly rejected as evidence not admissible in such case to prove consent; nor does the evidence offered tend to disprove the fact that the disease was contracted as stated.     People *v.* Glover (Mich.), 38 *N. W. Rep.* 874.

The prosecutrix may be asked on cross-examination whether she had not voluntarily submitted to sexual intercourse a short time before the alleged rape, with one of the defendants, who, according to her testimony, had participated in the rape, although the indictment had been *nolle prossed* as to such defendant, and the fact had been testified to by him. Bedgood *v.* State (Ind.), 17 *N. E. Rep.* 621.

The exclusion of the question to prosecutrix whether she had had a bastard child, which is made harmless by subsequent proof and admission of such fact, is not reversible error.     State *v.* Freeman (N. C.), 5 *S. E. Rep.* 921.

On the examination of prosecutrix on a trial for rape, it was brought out without objection that a daughter living with her had given birth to an illegitimate child.     *Held,* that this was a sufficient attack upon her character for chastity to allow the introduction of evidence showing her good character.     Coleman *v.* Commonwealth (Va.), 3 *S. E. Rep.* 878.

A question submitted to a witness for defendant in a prosecution for rape, "Are you acquainted with the general reputation of the prosecuting witness in that community for chastity?" is properly excluded as incompetent and immaterial as it does not confine the question of reputation to the time previous to the alleged rape. State *v.* Ward (Iowa), 35 *N. W. Rep.* 617.

Where, on a trial for rape, the prosecutrix testified on cross-

examination that she had never before had intercourse with any one, and that she had not told Mr. and Mrs. B. that she had had sexual intercourse with one L., testimony by Mr. and Mrs. B. that she did say she had intercourse with L. several times while he was working at defendant's house (before the alleged rape) was not admissible, as it is incompetent in such case to show specific acts of intercourse by the prosecutrix with third persons; *a fortiori*, her statements as to such acts are incompetent. People *v*. McLean (Mich.), 38 *N. W. Rep*. 917.

On a trial for rape, the character of the prosecutrix for chastity is a proper subject for inquiry as bearing on the probability of her consenting to defendant's act; and such character may be shown by evidence of her general reputation in that respect or by proof of her previous intercourse with defendant, but not by proof of particular acts of unchastity with third persons. McQuirk *v*. State (Ala.), 4 *So. Rep*. 775.

**Character of Defendant.**—A question put to a witness for defendant, who was testifying as to the latter's reputation, in these words: "Are you acquainted with his reputation as a peaceable, law-abiding citizen?" was excluded as incompetent and immaterial. *Held*, that the ruling might well be sustained on the ground that the question was not explicit by reason of the omission to include defendant's reputation in the community where he dwelt and before the commission of the offense. State *v*. Ward (Iowa), 35 *N. W. Rep*. 617.

**Evidence.**—Evidence that a brother of prosecutrix, who was the witness for the people, had, soon after the commission of the offense, proposed defendant as a leader of the village band, is not admissible for any purpose, where no ground for the impeachment of such witness has been laid. Bean *v*. People, 16 *N. E. Rep*. 656.

On indictment against three for rape, evidence of statements by defendant "G." that on the night of the rape, defendant "K." told him that he (K.) and defendant "A. " had raped the girl, is properly admitted in evidence against "G. " where the objections of the other defendants are sustained as far as they are concerned, and the jury are instructed that it is evidence against "G." alone. Ackerson *v*. People (Ill.), 16 *N. E. Rep*. 847.

While defendant was under arrest charged with rape, prosecutrix came into his presence and stated that she was sure he was one of the men who assaulted her, and witness testified, over objection, that defendant hung his head down and said nothing; the court ordered stricken out all except what defendant said, and, in reply to the question as to what defendant said, the witness answered, "He

held his head down." Defendant did not object to the answer, or move to strike out. *Held*, that an instruction that defendant made no reply to the statement of the prosecutrix need not be taken as a circumstance against him in any manner whatever, was properly refused. *Id.*

The defendant may show by the evidence of other witnesses that the prosecutrix has made similar charges falsely against other men, even though the prosecutrix has denied upon cross-examination that she has made such charges; the question under the circumstances not being collateral to the main issue. People *v.* Evans (Mich.), 40 *N. W. Rep.* 473.

But where prosecutrix denied that she had made statements that she had had sexual intercourse with a third person, evidence that she had made such statements is inadmissible. People *v.* McLean (Mich.), 38 *N. W. Rep.* 917.

Where the evidence tended to show that prosecutrix contracted venereal disease from the rape, evidence of physicians as to the result of their examination of the accused, made with his consent while he was in jail fifteen days after the alleged rape, after informing accused that he had been sent there for the purpose by the prosecuting attorney, is admissible. People *v.* Glover (Mich.), 38 *N. W. Rep.* 874.

Where defendant testifies in his own behalf, denying the rape, and also that he had at that time any venereal disease, it is proper on cross-examination to inquire as to his physical condition with reference to such disease, and as to why he had certain bottles of medicine which he used while in jail shortly after his arrest. *Id.*

Where the offense is alleged to have been committed upon a female under the age of consent, who denies the alleged crime, and there is no proof that the female became pregnant, and no result of any examination of her person is offered in evidence, it is material error sufficient to reverse a judgment for conviction to permit a witness who occupied a room immediately adjoining and below the one wherein defendant and the female are alleged to have had criminal intercourse, to testify that from the key being turned and from the sound of the bed-springs therein, that in her own opinion the parties had carnal intercourse with each other. State *v.* Crawford (Kans.), 18 *Pac. Rep.* 184.

**Condoning the Offense.**—The injured person cannot condone the crime of rape by forgiving the defendant. Commonwealth *v.* Slattery (Mass.), 18 *N. E. Rep.* 399.

**Alibi.**- -Evidence of *alibi* is only ordinary evidence, and is to be

treated in the instructions to the jury as is other evidence of like sort. State *v.* Johnson (Mo.), 3 *S. W. Rep.* 868; 91 *Mo.* 439.

**Instructions.**—Where prosecutrix swore that defendant accomplished his purpose, an instruction that it was not necessary to prove complete penetration, but that any penetration, however slight, was sufficient to make out a case of rape, is not erroneous on the ground that there was no evidence upon which the instructions could be based.    Bean *v.* People (Ill.), 16 *N. E. Rep.* 656.

An instruction that in determining whether sexual intercourse was had against the will of complaining witness, the jury shall take into consideration all the surrounding circumstances, the acquaintance of the parties, their relative physical strength, etc., is not erroneous as enumerating or giving undue prominence to immaterial circumstances, the jury being told to determine that question from all the facts in the case.    *Id.*

Where there is evidence to show that defendant never committed any assault upon the prosecutrix, and that her story is a fabrication, it is error for the judge to ignore this defense in his charge, and to proceed upon the assumption that defendant's theory of the case was that the assault did not constitute rape because the girl did not make sufficient resistance.    People *v.* Evans (Mich.), 40 *N. W. Rep.* 473.

In a recent case in Michigan, the court charged as follows and on appeal, the charge was held to be no error: " You must be satisfied (1) that the connection was made by force, and against the will of prosecutrix, and that there was the utmost reluctance on her part; otherwise, the defendant must be acquitted.    (2) If you have reasonable doubt whether prosecutrix made as much resistance as she could have done, you must acquit.    (3) That in determining the question of resistance, you must take into consideration the age of the prosecutrix and defendant, the place where the offense was committed, and all the surrounding circumstances.    (4) Rape consists in having carnal knowledge of the girl by force, and against her will: and as there was no doubt that sexual intercourse was had, in determining whether it was by force, and against her will, you must take into consideration the manner in which the intercourse was effected.    (5) It is as much a rape to force an unchaste woman to have sexual intercourse as to force a virtuous woman; yet if prosecutrix followed a dissolute life, and had been guilty of sexual intercourse with boys as often as opportunity occurred, you have the right to take that into consideration in determining whether the intercourse was had against her will or not." People *v.* Crego (Mich.), 38 *N. W. Rep.* 281.

On a trial for rape, defendant asked the court to instruct the jury in substance that unless they found from the evidence that the prosecutrix at the time of the assault used all the force and resistance in her power to prevent the accomplishment of the act they should find the defendant not guilty, or, at least, should take such fact into consideration in passing upon the question of his guilt.   *Held*, that such instruction was properly refused, because it did not negative the assertion that the prosecutrix's failure to make the requisite resistance was caused by the threats and intimidations of the accused, there being evidence to establish that theory.   Huston *v.* People, (Ill.), 13 *N. E. Rep.* 538.

Where the evidence discloses that a rape was accomplished by threats alone, the charge of the court confining the jury to a rape by threats is correct.   Cooper *v.* State (Tex.), 3 *S. W. Rep.* 334.   S. P., Serio *v.* State (Tex.), 3 *S. W. Rep.* 784.

Upon a trial for rape, the court instructed the jury as to the defense of *alibi* as follows: " That if the jury believe and find from the evidence that the defendant was not present at the place and time the alleged rape is stated to have been committed by the prosecuting witness K. F., but that the defendant at the time of the alleged rape was elsewhere, at another and different place than where the alleged rape is stated to have taken place by said K. T., then you should acquit the defendant."   *Held*, proper, and that it was not calculated to convey to the minds of the jury the idea that an *alibi* was a substantive affirmative defense, which must be made out by preponderance of evidence.   State *v.* Johnson, (Mo.) 3 *S. W. Rep.*, 868; 91 *Mo.* 439.

It is not error for the court to refuse to instruct the jury that the failure of the prosecutrix in a prosecution for an assault with intent to commit rape to appear at the trial, and the failure of the State to account for her absence are circumstances proper to be considered as tending to show that no crime has been committed, where it does not appear that she was not equally accessible to the defendant.   Coleman *v.* State (Ind.), 13 *N. E. Rep.* 100.

Where the court has accurately instructed the jury upon the subject of reasonable doubt, it is not error to refuse instruction asked for by defendant that it is better that " ten guilty persons escape than that one innocent suffer."   *Id.*

Where there was evidence tending to show that defendant made an indecent assault upon the person of the injured female, but had no intention of penetrating her person, this requires a charge to the effect that there could be no rape without penetration, and no assault with intent to rape without at the time of the assault an intention

to penetrate the person of the assaulted female. McGee v. State (Tex.), 2 S. W. Rep. 890.

An instruction to a jury on a trial for rape that the prosecutrix was corroborated to some extent if they believe the testimony of her husband and the medical witness as to the existence of bruises upon her person and that of her husband as to the condition of her clothing and body, was not error. Hannon v. State (Wis.), 36 N. W. Rep. 1.

An instruction that if the prosecutrix be of ill-fame and stand unsupported by the testimony of others, that "will justify a strong inference" that her testimony is false, is properly refused as infringing on the prerogative of the jury to say whether the inference to be drawn is strong or weak. Barnett v. State, (Ala.), 3 So. Rep. 612.

A charge which selects a part of the evidence, omitting other parts bearing on the same question, and instructs the jury as to the the inference they may draw from it, is properly refused, being argumentative and misleading. Id.