THE STATE v. FRANK, *Appellant.*

DIVISION TWO.

1. **Criminal Law :** ATTEMPT TO COMMIT SODOMY. An attempt to commit sodomy was an offense at common law, and is a crime in itself and punishable as such under Revised Statutes, 1879, section 1645, declaring that every person who shall attempt to commit an offense prohibited by law, and who shall do any act toward its commission but shall fail in its perpetration or be prevented or intercepted in its execution shall, on conviction, be punished as therein provided.

2. —— : INDICTMENT FOR SODOMY : CONVICTION OF ATTEMPT : PRACTICE. A defendant may, under Revised Statutes, 1879, section 1655, be acquitted of the offense charged in the indictment and convicted of any offense, the commission of which is necessarily included in that charged against him. He may be convicted of an attempt to commit sodomy under an indictment charging him with sodomy.

3. —— : ATTEMPT TO COMMIT SODOMY : INSTRUCTION. An instruction which follows the language of the statute in declaring what acts shall constitute an attempt to commit a crime is sufficient. (R. S. 1879, sec. 1645.)

*Appeal from Andrew Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Booher & Williams* for appellant.

The court erred in giving instruction, numbered 1, on behalf of the state. The crime charged against the defendant does not consist of different degrees, and for that reason the provisions of sections 1654 and 1655, Revised Statutes of 1879, do not apply. R. S. 1879, sec. 3796; *State v. Gabriel,* 88 Mo. 631–643; *State v.*

The State v. Frank.

*Burk*, 89 Mo. 635; *State v. Johnson*, 91 Mo. 439–444; *State v. Lowe*, 93 Mo. 547–574. For the reason above stated, the court erred in refusing to give instructions, numbered 1 and 2, on behalf of the defendant, and we called the attention of the court upon this point to the authorities cited above.

*John M. Wood*, Attorney General, for the State.

The charge of the commission of the offense necessarily included the charge of the attempt to commit the offense. The offense could not be committed at all, without first the attempt, followed by the actual perpetration of the crime ; hence an attempt to commit the offense is necessarily included in the charge of its actual commission. The evidence showed, clearly, an attempt to commit the offense charged, and under the provisions of sections 1655 and 1645, Revised Statutes, 1879, the instructions complained of were proper.

MACFARLANE, J.—Defendant was indicted for the crime of sodomy. Upon a trial under the indictment the evidence tended to prove an unsuccessful attempt to commit the offense charged. The jury was instructed " that if the defendant made an attempt to copulate, or have intercourse, with said dog, and in such attempt did any act toward the commission of said offense and failed in the perpetration of said offense, or was prevented or intercepted in executing the same, then and in that case the jury will find the defendant guilty of an attempt to commit the offense charged, and so state in their verdict, and assess his punishment at imprisonment in the penitentiary for not less than two years."

The jury found defendant guilty of an attempt to commit the crime charged and fixed his punishment at two years' imprisonment in the penitentiary, and judgment was entered accordingly, from which defendant prosecutes his appeal.

I.   It is contended by defendant's counsel that sections 1654, 1655 and 1927, Revised Statutes, 1879, do not apply to offenses of this character, and unless defendant had been found guilty of the actual commission of the crime charged he should have been acquitted.

Section 1539 fixes the punishment of the crime of sodomy, and section 1645 provides that "every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof," should be punished as therein provided.

There can be no doubt, under this section, that an attempt to commit the offense of sodomy is a crime in itself, and punishable as such.   So it was also at common law.   2 Bish. Crim. Law [3 Ed.] sec. 1174; 1 Rus. on Crimes, 939; 1 Bish. Crim. Law [3 Ed.] sec. 689; *Rex v. Hickman*, 1 Moody, 34; *Reg. v. Rowed*, 6 Jur. 396.

II.   Defendant's counsel insists further that, though the attempt be a crime in itself, a conviction cannot be had therefor, under an indictment for the actual perpetration of the offense, and cite confidently as authority for their contention the cases of *State v. Johnson*, 91 Mo. 444, and *State v. Burk*, 89 Mo. 635.   These cases, it is contended, decide that sections 1654, 1655 and 1927, are only applicable to those crimes, to which the law has fixed different degrees.   The opinion in the case of *State v. Johnson*, *supra*, gives strong ground for the contention; but, if the court in that case, intended to decide that section 1655 has no application to cases other than those of which there are different degrees, which it strongly intimates we are not willing to give it our approval, or to follow it.   There can be no doubt that sections 1654 and 1927 do only apply to that class of cases of which there are different degrees.   Section 1655 is much

broader in its scope, and was evidently intended to apply to another class of offenses altogether, otherwise it would be entirely superfluous.   The latter clause of the section provides that, in all other cases, "the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him." - The learned judge who wrote the opinion in case of *State v. Johnson*, *supra*, draws his conclusion from what he supposed had been decided in the case of the *State v. Burk*, 89 Mo. 635. An examination of that case will show that the decision was misconstrued in fact; as we read the opinion, it decides, as to the scope of section 1655, the very reverse, and that it applies only to cases in which there are no degrees fixed by law.

In that case the indictment was under section 1262 for felonious assault with intent to kill, and defendant was found guilty of the lesser offense under section 1263.   The question in the case was whether that could be done, defendant insisting that a law justifying a conviction for a different offense than the one charged, would be unconstitutional.   To meet this objection the court held that the offenses described in sections 1262 and 1263 were distinct offenses, and not different degrees of the same offense, and that by virtue of section 1655 defendant was liable to be convicted of the lesser offense mentioned in section 1263 on an indictment under section 1262.   The court then goes on to say speaking through Judge RAY: "If the offenses specified in sections 1262 and 1263 are, as we have held, distinct offenses and not different degrees of the same offense, then section 1927 of the Revised Statutes, 1879, has no reference to the case at bar.   That section, it is manifest, has application only to that class of offenses which by law consists of different degrees of the same offense, such as those specified in section 1654, Revised Statutes,

1879. The offenses mentioned in section 1262 and 1263 are not of that class, and under the law have no degrees ; consequently, the requirements of section 1927 can, in no event, have any application to the case at bar. The verdict of the jury in this case is good under either section 1262 or 1263, since both authorize an assessment of two years' imprisonment in the penitentiary.''

It will be seen that the opinion nowhere states, or intimates, that section 1655 applies to those offenses only, of which there are different degrees ; indeed, the argument is to show that that section does not apply to that class of offenses, but to such as are not classed into degrees.

Previous to the enactment of this statute ( sec. 1655 ), unless the exact crime charged was proved, the state was defeated in its prosecution, and the criminal either went free or the state was put to the trouble and delay of another indictment and trial. *State v. Webster*, 77 Mo. 566. To obviate the trouble, doubtless, the act was passed. The first clause of this section applying to assaults has been sustained by this court in a number of cases, though there are no degrees of such offenses fixed by law. *State v. Johnson*, 81 Mo. 60 ; *State v. Burk*, *supra ; State v. Schloss*, 93 Mo. 361 ; *State v. Melton*, 102 Mo. 683.

No reason has been shown, or can be seen, why the second clause of said section should not also be valid. Indeed, at common law, where offenses are included within one another, a party indicted for the larger of those may be convicted of the lesser. 1 Bish. Crim. Law [3 Ed.] sec. 807. "Whatever the offense alleged, any other offense may be shown to have been committed, and the indictment will be sufficient, provided the offense proved is included also within the words of the allegation.'' 1 Bish. Crim. Law, sec. 809. It has been denied that one indicted for a substantive offense in the absence of a statute authorizing it, can be convicted for an attempt to commit the same offense. We

The Nevada & M. Ry. Co. v. De Lissa.

do not find that the power has ever been questioned when authorized by a proper statute. 1 Bish. Crim. Law, sec. 813 ; *Clifford v. State*, 10 Ga. 422.

We are not able to conceive how it could be possible to prove the offense charged against this defendant without proving also the attempt to commit it, and the evidence sufficiently shows an attempt. The action of the court in its instruction was clearly authorized by section 1655, Revised Statutes, 1879.

Objection is made to the instruction in not pointing out and advising the jury as to the specific acts that would constitute an attempt to commit the offense. The instruction follows the language of the statute ( sec. 1645 ), and is we think sufficiently specific. If the evidence had failed to show any act towards the commission of the offense charged, the court would have so instructed the jury. Finding no error in the record the judgment is affirmed. All concur.