THE STATE, Respondent, v. EPPERSON, Appellant.

| 27 | 255 |
|----|-----|
| 102 | 687 |
| 27 | 225 |
| 104 | 668 |
| 27 | 255 |
| 93a | 472 |

1. If one having a gun in his hands raises it to a level and directs it towards, but not directly at, another, and threatens to kill him if he advances in a certain direction, it will constitute an assault; it is not necessary that the gun should be raised to the shoulder.

*Appeal from Greene Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Hendrick,* for appellant.

*Ewing,* (attorney general,) for the State, cited Hays v. People, 1 Hill, 353 ; State v. Chandler, 24 Mo. 372 ; State v. Smith, 2 Humph. 458 ; 11 Ired. 476.)

NAPTON, Judge, delivered the opinion of the court.

This was an indictment for an assault with a gun, with intent to kill, and the terms of the charge were that the gun was levelled " at and against the body of one Gibson." The proof was that Gibson was a deputy sheriff and went to defendant's house to levy an execution ; that the defendant threatened to kill him if he went to the door of defendant's house—Gibson being then advancing in that direction ; that defendant then raised his gun to a level with his heart, with his left hand on the barrel and his right hand on or near the trigger, with the muzzle pointing towards Gibson, but a little to the left ; that Gibson thereupon drew his pistol, but by the interposition of bystanders no mischief was done on either side.

We think the conviction was right. To constitute an assault with a gun, it is not necessary that the person holding it should raise it to his shoulder. The parties here were within shooting distance. The defendant threatened to kill, and the position in which he held his gun was sufficiently threatening. If a man draws a sword or raises a stick at another when within striking distance, it is an assault ;

(Selwyn N. P. 18;) and indeed, according to some ancient authorities, a threat alone, when made to a man's face, has been considered an assault. (2 Roll, 545; 2 Comyn Dig. 257.) A man is not obliged to wait until his adversary draws a bead on him before he commences his self-defence. The fact that the person assaulted in this case was an officer in the execution of his duties, aggravated the offence in the eye of the law and doubtless in the estimation of the jury. Obedience to the mandates of the law is one of the first duties of a good citizen. The first steps towards resistance are dangerous to the peace and security of society, and a ready and cheerful submission to the ministerial officers selected by the constituted authorities is essential to a due administration of justice, and is by no means inconsistent with the most ample redress for any injuries which may be wantonly inflicted under color of official duty.

The other judges concurring, the judgment is affirmed.