The State v. Sears.

THE STATE v. SEARS, *Appellant.*

1. **Indictment:** FELONIOUS ASSAULT. An indictment under Revised Statutes, section 1263, charging that defendant assaulted another by pointing a gun at the latter with the intent to maim and kill him is not defective in only alleging that the gun was loaded with gunpowder. Serious injury can be inflicted with a gun so loaded.

2. **Criminal Law:** FELONIOUS ASSAULT: INSTRUCTIONS. The evidence was to the effect that defendant pointed a loaded rifle at one W. and threatened to shoot him if he did not leave a certain field of which he was in possession, and in which he was at work, and that defendant and W. were then from thirty to fifty feet apart. There was no evidence as to whether one, with a gun so loaded and, at the distance stated from another, could have killed or maimed the latter. *Held*, that the court rightly refused to instruct the jury, for the defendant, that, if they should believe from the evidence that on account of the distance between the parties at the time, a discharge of the rifle by defendant, loaded as charged, could not have killed or maimed W., they should acquit.

3. **Common Assault:** INSTRUCTION. An instruction for the state to

The State v. Sears.

the effect that if defendant assaulted W. by pointing a loaded gun at him in a' threatening manner and cocking it within shooting distance of him, they should find defendant guilty of common assault, *held* erroneous.

4. ———. An intention on the part of the accused to do the other party some bodily harm is essential to constitute an assault.

6. **Criminal Practice**: ASSESSMENT OF PUNISHMENT. Where the jury assess the punishment below the legal limit allowed by law for the offence of which they find defendant guilty, it is the duty of the court to sentence the defendant according to the lowest limit. prescribed by law in such case.

7. **Indictment**: PROSECUTOR. Where an indictment is for a felony, the name of the prosecutor is not required to be endorsed thereon,. although under the indictment the defendant may be convicted of an offence which is only a misdemeanor.

*Appeal from Caldwell Circuit Court.*—HON. JAMES M. DAVIS, Judge.

REVERSED.

*C. S. McLaughlin* for appellant.

(1) The indictment charges the defendant with a felony, if he is charged with any offence, and under the instructions of the court he was found guilty of a misdemeanor, which cannot be legally done. 1 Bishop's C. L., secs. 814, 823 ; *State v. Hilderbrand*, 5 Mo. 548; *People v. Adams*, 17 N. W. Rep. 226. In case of misdemeanor a prosecutor's name must be indorsed on the indictment and he is liable for all costs ; one guilty of a simple assault should not be required to bear all the burdens that attend the trial of a felony. (2) A gun containing gunpowder is not a loaded gun, and pointing an unloaded gun at a person is no offence. *Reg. v. James*, C. & K. 530 ; *Robinson v. State*, 31 Texas, 170 ; *McKay v. State*, 44 Texas, 43 ; *Blake v. Bornerd*, 9 C. & P. 626. (3) The first and second instructions for the state were erroneous.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is based upon section 1263, Revised Statutes, 1879. It clearly describes the offence in the language of the statute. This is all that is necessary. *State v. Chumley*, 67 Mo. 41. (2) It was not necessary that the prosecutor's name should be indorsed on the indictment. The defendant is charged with a felony and the indictment does not come within the provisions of section 1800, Revised Statutes. (3) The evidence was sufficient to support the verdict. *State v. Epperson*, 27 Mo. 255. An assault with intent to kill may be made though there is no striking or wounding. *State v. McClure*, 25 Mo. 338. The intent with which the assault was made is proved by the threat of defendant at the time he raised the gun to his shoulder and pointed it at Whidby. *State v. Painter*, 61 Mo. 84, and cases cited. (4) The instructions given on behalf of the state are more favorable to the defendant than otherwise and he cannot complain. The instructions asked on behalf of defendant, and refused by the court, did not properly declare the law nor state the facts as detailed in evidence, and were properly refused. (5) Although defendant was indicted for a felonious assault, under section 1263, Revised Statutes, his conviction for a common assault was proper and authorized by law. Sec. 1655, R. S., 1879 ; *State v. Davidson*, 73 Mo. 428. (6) The jury was authorized, under the instructions, in assessing the fine of $20.00. Sec. 1265, R. S. The indictment contained but one count and it is clear that the jury found defendant guilty of a common assault. The words "as charged in the indictment," may be rejected as surplusage, but see *State v. Matrassey*, 47 Mo. 295.

HENRY, C. J.—At the October term, 1881, of the

Caldwell circuit court, the following indictment against the appellant was preferred by the grand jury:

"The grand jurors, for the state of Missouri, from the body of Caldwell, having first been duly empaneled, charged and sworn upon their oaths, do present: That on the thirtieth day of June, 1881, at and within Caldwell county, one Timothy R. Sears, being then and there armed with a certain firearm, known as rifle, which was then and there loaded with gunpowder, and was then and there a deadly weapon in his hands, in and upon one Thomas Whidby, then and there in the peace of the state being, unlawfully and feloniously did make an assault, and did point said rifle at said Thomas Whidby, and attempt to discharge and shoot the contents thereof into the body of said Thomas Whidby with intent then and there to maim and kill the said Thomas Whidby, against the peace and dignity of the state." The defendant was convicted and his punishment assessed at a fine of twenty dollars, and he has appealed from the judgment.

The indictment is based upon section 1263 for an assault with intent to commit a felony, the maximum punishment for which is imprisonment in the penitentiary, and the minimum, a fine of one hundred dollars. It is contended that the indictment is defective, in not alleging that the charge with which the gun was loaded contained a leaden ball; that a gun charged with gunpowder is not a loaded gun. As a matter of fact, we know that a very serious injury could be inflicted with a gun so loaded, and are not prepared to assent to appellant's proposition. It is held by some authors, and has been so decided by respectable courts, that an assault may be made with an unloaded gun, known to be in that condition by the assailant, if not known to the other party; but we do not give our assent to that proposition.

The testimony was to the effect that, on the thirtieth day of June, 1881, the defendant pointed a loaded rifle

at Thomas Whidby, and threatened to shoot him if he did not leave a certain field, of which he was in possession, and in which he was at work ; and that defendant and Whidby were then from thirty to fifty feet apart. This was all the evidence, and defendant asked the court to declare that if the jury believed from the evidence that on account of the distance between the parties, at the time, a discharge of said rifle by defendant, loaded as charged in the indictment, could not have killed or maimed Whidby, they should acquit him. There was no evidence as to whether, with a gun so loaded, one thirty or fifty feet from another, could have killed or maimed the latter. For that reason alone, the instruction was properly refused.

The first instruction given by the court for the prosecution is erroneous. It declares that if defendant assaulted Whidby, by pointing a loaded gun at him, in a threatening manner, and cocking it within shooting distance of Whidby, the jury should find defendant guilty of a common assault. /The charge in the indictment is, that he not only pointed the gun at Whidby, but attempted to shoot its contents into his body, with an intent to maim and kill him. It is not charged in the indictment that the gun was pointed at Whidby, in a threatening manner, and while the instruction entirely ignores the attempt to discharge the gun, with the intent alleged, it submits the question of the manner in which it was pointed, which was not alleged. If the indictment had alleged no more than the facts upon which the instruction authorized a conviction, it would have been defective. It would then have been substantially that defendant, on, etc., with a rifle loaded with gunpowder, made an assault upon Whidby by pointing said rifle at him in a threatening manner. /Simply pointing a loaded rifle at one is not necessarily an assault, for that may be done in sport in a threatening manner, with no intention to shoot or otherwise injure the other party.

Hawkins defines an assault as: "An attempt or offer, with force and violence, to do a corporal hurt to another." 1 Hawk. P. C., sec. 1, p. 110. In *Johnson v. State*, 35 Ala. 363, an assault is defined as: "An attempt or offer to do another person violence without actually accomplishing it. A menace is not an assault, neither is a conditional offer of violence. There must be a present intention to strike." See also, to the same effect: *Lawson v. The State*, 30 Ala. 14; *Traver v. The State*, 43 Ala. 354; 2 Wash. C. C. R. 435. In *The State v. Davis*, 1 Iredell, Garton, J., said: "An assault is an intentional attempt, by violence, to do an injury to the person of another. It must be *intentional* for, if it can be collected, notwithstanding appearances to the contrary, that there is not a *present* purpose to do an injury, there is no assault." *People v. Yslas*, 27 Cal. 630. Mr. Bishop, in his work on Criminal Law, says that: "If one within shooting distance, menacingly, by pointing at another with a gun, apparently loaded, yet not loaded in fact, he commits an assault, the same as if it were loaded." This, however, is a mooted question, and the authorities are numerous on either side of the proposition. Of course, the appearance, in such a case, will justify defensive action on the part of the person thus assaulted, although the other party neither intended nor possessed the ability to do the wrong apparently threatened.

But we think that the weight of authority supports the view that an intention, on the part of the accused, to do the other party some bodily harm, is essential to constitute an assault. It may be that if one points a gun at another, supposing it to be loaded, with the intent to shoot him, it would be a criminal assault, but knowing that the gun had no charge in it, he could not possibly have intended to injure the other party by shooting him. The fact that the other party supposed the gun loaded would afford a good excuse for his re-

The State v. Sears.

sort to defensive means, but could not make it a criminal assault when, notwithstanding the appearance, there was no intention to harm him. It is difficult to conceive one guilty of a crime which he did not intend to commit. Mr. Bishop approvingly cites a case in which the defendant raised his whip and shook it at the prosecutor within striking distance, remarking: "Were you not an old man, I would knock you down," and the court held that it was not an assault, because the accompanying words "took away the idea of an intent to strike." *Commonwealth v. Eyre*, 1 S. and R. 346. The facts in the case supposed, of one presenting a gun which he knows is not loaded, as clearly "takes away the idea of an intention" to shoot as the means employed in the case cited took away the idea of an intention to strike.

The judgment is also erroneous in the amount of fine imposed. The verdict was that defendant was guilty as charged, and yet the punishment assessed was only such as might have been imposed for a common assault, under section 1255, Revised Statutes. Under the indictment the jury could have found him guilty of a common assault. Section 1655. It was the duty of the court when the jury returned their verdict to disregard so much as assessed the punishment, and render a judgment according to the lowest limit prescribed in section 1263, one hundred dollars.

Defendant was indicted for a felony, and the statute does not require that the name of the prosecutor be endorsed upon such an indictment, although under the indictment the accused may be convicted of an offence that amounts only to a misdemeanor.

All concur in reversing the judgment and remanding the cause.