THE STATE v. BURK, *Appellant.*

| 89 | 635 |
|----|-----|
| 31a | 302 |

| 89 | 635 |
|----|-----|
| 100 | 533 |

| 89 | 635 |
|----|-----|
| 102 | 686 |

| 89 | 635 |
|----|-----|
| 103 | 122 |
| 105 | 320 |
| 105 | 533 |

| 89 | 635 |
|----|-----|
| 107 | 549 |

| 89 | 635 |
|----|-----|
| 108 | 171 |

| 89 | 635 |
|----|-----|
| 49a | 238 |

1. **Practice in Supreme Court**: EVIDENCE. Where the evidence in a criminal cause is not preserved in the record, the Supreme Court will presume it to have been relevant and pertinent to the issues made by the indictment.

2. —————: INSTRUCTIONS. Where the instructions are not contained in the record, a similar presumpion will be indulged in favor of their correctness.

3. —————: —————. When no objections are made or saved at the trial or in the motion for a new trial to the giving of instructions, they cannot be raised afterwards.

4. **Criminal Practice.** Where one is indicted for an offence he must take notice of whatever offence he may be convicted of thereunder, as the law governing the subject matter and practice then stands.

5. —————: FELONIOUS ASSAULT. One indicted for a felonious assault, under Revised Statutes, section 1262, can, by virtue of Revised Statutes, section 1655, be convicted of the lesser offence mentioned in Revised Statutes, section 1263, and a conviction and sentence to two years imprisonment in the penitentiary is good in such case, although the verdict does not specify the section of the statute on which the conviction is based.

*Appeal from Carroll Circuit Court.*—Hon. JAMES M. DAVIS, Judge.

AFFIRMED.

*Hale & Sons* and *Kinsey* for appellant.

(1) As the charge was specific and complete the defendant could be tried on no other ; only on section 1262, Revised Statutes ; section 22, of Bill of Rights, accords the right "to demand the nature and cause of the accusation." (2) As the offence was complete under section 1262, it was error to instruct the jury under another sec-

tion; but otherwise if good under such other section. *State v. McDonald,* 67 Mo. 13.   (3) If the law has been changed by the insertion of section 1655, in the Revised Statutes of 1879, a general verdict cannot be sustained upon two sections.  *State v. Webster,* 77 Mo. 566. (4) The verdict of the jury fails to show upon what section or in what degree the defendant is guilty.  R. S., sec. 1927; 47 Mo. 295; 58 Mo. 556; 65 Mo. 640; 68 Mo. 120; *State v. Matrassey,* 47 Mo. 295; *State v. McCue,* 39 Mo. 112.   (5) Referring to section 1655, of the Revised Statutes of 1879, admitting that offences under section 1263 are necessarily included in the higher offence described in the preceding section, it could never have been the intention of the legislature to take from a defendant the right to know the accusation and the degree of guilt of which he is convicted.

*B. G. Boone,* Attorney General, for the state.

(1)   Defendant saved no exceptions, at the time, to the admission or exclusion of evidence, or the giving or refusing of instructions.   It is too late to do so for the first time in the motion for a new trial.   *State v. Marshall,* 36 Mo. 400; *State v. Pints,* 64 Mo. 317; *State v. Williams,* 77 Mo. 310; *State v. Burnett,* 81 Mo. 119; *State v. McDonald,* 85 Mo. 539.   (2) The instructions not having been preserved the presumption is that the court properly declared the law to the jury.   *State v. Sullivan,* 51 Mo. 522; *State v. Tucker,* 84 Mo. 23. (3) The motion for a new trial is improperly copied into the record proper, instead of being made a part of the bill of exceptions.   It is no part of the record proper, and not having been made a part of the record of the case, by being incorporated in the bill of exceptions, it will not be considered.   *State v. Marshall,* 38 Mo. 400; *State v. Connell,* 49 Mo. 232; *State v. Sweeney,* 68 Mo. 96; *State v. Dunn,* 73 Mo. 586; *State v. McCray,* 74

Mo. 303. (4) The judgment in the case should be affirmed.

RAY, J.—The defendant, Henry Burk, was tried and convicted, at the March term, 1883, of the Carroll circuit court, upon an indictment for a felonious assault with intent to kill one John Dozier. The indictment is framed under section 1262, Revised Statutes, and (omitting its formal parts) charges that Henry Burk, at, etc., on, etc., in and upon John Dozier, feloniously, on purpose and of his malice aforethought, did make an assault, and did then and there, on purpose and of his malice aforethought, feloniously shoot at him, the said John Dozier, with a certain revolving pistol loaded with powder and leaden balls, which he, the said Henry Burk, then and there held in his right hand with intent, then and there, him, the said John Dozier, on purpose and of his malice aforethought feloniously to kill and murder, against the peace and dignity of the state of Missouri. This indictment is conceded to be sufficient and in due form under said section.

The verdict of the jury who tried the cause (omitting the signature of the foreman), is as follows : " We, the jury, find the defendant, Henry Burk, guilty, and assess his punishment at two years in the penitentiary." The judgment is in conformity to the verdict and in due form. The evidence in the case is not preserved in the bill of exceptions, and in its absence, the presumption is, it is conceded, that it was pertinent and relevant to the issue on trial presented by the indictment. The motion for a new trial, though appearing in the record proper, is not preserved in the bill of exceptions, which practically contains nothing except the motion in arrest of judgment and an agreement between the counsel for the state and the defendant, to the effect " that at the trial the jury were instructed on sections 1262 and 1263, Revised Statutes, 1879," but these instructions are not

-copied or preserved in the record, and in their absence must be presumed to have been correct. The only objection of defendant's counsel, as I understand him, is, that any instruction whatever was given under section 1263, under this indictment. It may also be added that it does not appear that any objections or exceptions were made or saved at the time to the giving of said instructions.

The motion in arrest of judgment is as follows:

"Defendant by his attorney moves the court to arrest the judgment and set aside the verdict in this case for the following reasons:

"1. Because the court erred in overruling the motion for a new trial.

"2. Because the record in this cause is not sufficient in law to authorize the judgment rendered.

"3. Because upon the whole record of the case the judgment should have been for the defendant."

Upon this state of the record defendant's counsel relies upon the following points for a reversal of the judgment in this case, as stated by him in his brief:

"1. As the charge was specific and complete the defendant could be tried on no other. See section 22, of Bill of Rights, *to demand the nature and cause of the accusation.*

"2. As the offence was complete under section 1262 it was error to instruct the jury under another section.

"3. If the law has been changed by the insertion of section 1655, Revised Statutes, 1879, a general verdict cannot be sustained upon two sections.

"4. The verdict of the jury fails to show upon what section, or in what degree the defendant is guilty. Sec. 1927, R. S., 1879.

"5. Referring to section 1655, Revised Statutes, 1879, admitting that offences under section 1263, are necessarily included in the higher offence described in the preceding section, it could never have been the in-

tention of the legislature to take from a defendant the right to know the accusation and degree of guilt upon which he is convicted."

If I understand the position of defendant's counsel it is that, except for the alleged error of instructing the jury at all on section 1263, under this indictment, there would have been no cause for a reversal; that, whatever insufficiency or uncertainty in the record or verdict of the jury, if any, is attributable to the giving of that instruction. He concedes, if I understand him, that in the absence of said instruction, the record and verdict would be amply sufficient and certain in law to support the judgment rendered, and there would, in that event, have been no error in the record, or cause for the defendant to complain of a violation of the constitutional bill of rights in not notifying him of the nature and cause of the accusation against him. This, I think, is the contention of defendant's counsel as I gather from the brief before us.

In the first place it may be remarked that it has been repeatedly held that where no objections were made or saved at the trial, and in the motion for a new trial that it is too late to raise that objection for the first time afterwards. *State v. Marshall*, 36 Mo. 400; *State v. Pints*, 64 Mo. 317; *State v. Preston*, 77 Mo. 294; *State v. Williams*, 77 Mo. 310; *State v. Burnett*, 81 Mo. 119; *State v. McDonald*, 85 Mo. 539. But waiving that objection and proceeding to consider the defendant's objections upon their merits it will appear, we think, that they are not well taken. The law is well settled in this state that when a party is indicted for a given offence, that he is bound by law to take notice of whatever offence he may be convicted of thereunder, as the law governing the subject matter and practice then stands.

The offence contemplated by section 1263 is manifestly a lesser offence than that mentioned in section 1262 and charged in this indictment. It is also clear that it is a

distinct offence and not an inferior degree of the same offence, and it is equally plain that it is necessarily included in that charge in this indictment. He could not be convicted under section 1262, unless he had done all and more than is required to constitute the offence contemplated by section 1263. If that be so the defendant, by virtue of section 1655, was liable to be convicted of the lesser offence mentioned in section 1263, under an indictment based upon and specifying the offence contemplated in the preceding section of 1262, and charged in this indictment. If that be so, it was not only not error, but highly proper for the court to instruct the jury thereon. And, in that event, also, it is plain that the defendant's constitutional right "to demand the nature and cause of the accusation" against him has not in this instance been violated. Indeed, if defendant's position be correct, no reason is seen why, upon principle, it would not be alike fatal to all convictions of an inferior degree of any offence consisting of different degrees, as provided by the criminal law of the state, such as murder, manslaughter, arson, burglary, robbery and the like. Sec. 1654, R. S., 1879.

If the offences specified in sections 1262 and 1263 are, as we have held, distinct offences and not different degrees of the same offence, then section 1927, Revised Statutes, 1879, has no reference to the case at bar. That section, it is manifest, has application only to that class of offences which by law consists of different degrees of the same offence, such as those specified in section 1654, Revised Statutes, 1879. The offences mentioned in sections 1262 and 1263, are not of that class, and under the law have no degrees, consequently the requirements of section 1927 can, in no event, have any application to the case at bar. The verdict of the jury in this case is good under either section, 1262 or 1263, since both authorize an assessment of two years imprisonment in the penitentiary. If, therefore, the defendant, under the

law, as we have held, has been timely notified in advance of the trial, what was the nature and cause of the accusation against him, and that he was liable to be convicted and punished by two years imprisonment in the penitentiary, under either section, 1262 or 1263, we fail to see how he is prejudiced, or of what practical concern it is to him after conviction to know upon which of the two sections the verdict of the jury was placed. In either event it would seem that it would be all the same to him, Besides all this, there is nothing in the record to indicate that it was not based on section 1262, under which the indictment was drawn.

The record and verdict, in our opinion, are amply sufficient to support the judgment rendered, and finding no error in the record, the judgment of the circuit court must, therefore, be affirmed, and it is accordingly so ordered. All the judges concur, except Henry, C. J., not sitting, and Sherwood, J., expresses no opinion.