THE STATE v. BRENT, *Appellant.*

1. **Criminal Law**: PRACTICE: CROSS-EXAMINATION OF DEFENDANT. It is error to compel a defendant on cross-examination in a criminal case to answer the question whether or not he had previously been convicted of a felony in this state.

2. ——— : ———. A conviction of a common assault may be had under an indictment for assault with intent to kill.

*Appeal from Hickory Circuit Court.*—Hon. W. I. Wallace, Judge.

Reversed and remanded.

*C. S. Essex* with *Amos S. Smith* for appellant.

The court committed reversible error in compelling the defendant over his objection to answer the question, " Were you not convicted of a felony?" 1 Greenl. Ev., secs. 375, 377 and 457; *State v. Rugan,* 68 Mo. 214; R. S. 1879, sec. 1918; *State v. McLaughlin,* 76 Mo. 320; *State v. McGraw,* 74 Mo. 574; *State v. Patterson,* 88 Mo. 88; *State v. Chamberlain,* 89 Mo. 129. There was no material contradiction between defendant and the prosecuting witness, and the only object in asking the question was to prejudice the jury against the defendant.

*John M. Wood,* Attorney General, for the State.

The cross-examination of defendant urged by appellant as error was not called to the attention of the trial court in the motion for a new trial, and is not subject to review by this court. *State v. Reed,* 89 Mo. 168; *State v. Burk,* 89 Mo. 635; *State v. Emory,* 79 Mo. 461; *State v. Preston,* 77 Mo. 294.

Ray, C. J.—The defendant was indicted in the circuit court of Hickory county for assault with intent to kill, and upon trial was convicted and fined one hundred dollars.

The defendant was introduced at the trial, as a witness in his own behalf, and on cross-examination was compelled over his objection to answer the following question: " Were you not convicted of a felony in this state?" The witness answered: "I was." Under

numerous decisions this is reversible error.  *State v. McGraw*, 74 Mo. 573 ; *State v. Rugan*, 68 Mo. 214, and authority cited;  1 Greenl. Ev., secs. 377 and 457 ; *State v. Turner*, 76 Mo. 350 ;  *State v. McLaughlin*, 76 Mo. 320 ;  *State v. Porter*, 75 Mo. 171 ;  *State v. Douglass*, 81 Mo. 231 ; *State v. Lewis*, 80 Mo. 110 ; *State v. Patterson*, 88 Mo. 88 ;  *State v. Chamberlain*, 89 Mo. 133.

As the case must go back, we may add, that a conviction for a common assault  may be had under an indictment for assault with intent to kill, and such seems to have been the result in this case.  R. S. 1879, sec. 1655 ;  *State v. Burk*, 89 Mo. 635, and cases cited. And if, on re-trial, the evidence should so justify an instruction to that effect could properly be given.

We deem it unnecessary to now notice other matters complained of.  For the reasons above cited the judgment of the trial court is reversed and the cause remanded for further proceedings, in conformity herewith.  All concur.