THE STATE v. MELTON, *Appellant.*

DIVISION TWO.

1. **Criminal Practice** : CONVICTION OF LESSER OFFENSE. One indicted under Revised Statutes, 1879, section 1263, for an assault with intent to kill, cannot on trial be convicted of " wounding, maiming and disfiguring" under Revised Statutes, 1879, section 1264.

2. ——— : ——— : R. S. 1879, SEC. 1655. Section 1655, Revised Statutes, 1879, providing that " upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant

The State v. Melton.

may be convicted of a lesser offense," was never intended to have a broader meaning than that a conviction for a lesser offense may be had only when that offense is necessarily proved in making proof of the greater offense charged.

3. **Criminal Law**: PROVOCATION : DEFENSE OF BROTHER. The right of one to defend his brother is not greater than the brother's right to defend himself, and where one brother provoked a difficulty resulting in an assault by the other, the latter cannot be acquitted upon the ground that he acted in defense of his brother.

4. ——— : SELF-DEFENSE. The doctrine of imperfect self-defense, as applied to murder cases (*State v. Gilmore*, 95 Mo. 554), has no application to assaults merely.

*Appeal from Hickory Circuit Court.* — HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*Amos S. Smith* and *W. D. Harryman* for appellant.

(1) The court erred in giving the first instruction asked by the state. The indictment charges an assault with intent to kill under Revised Statutes, 1879, section 1262, which section does not use the words "maimed, wounded or disfigured, or received great bodily harm," and the indictment contains no such allegations. A conviction could not, therefore, be had under Revised Statutes, section 1264. (2) The court erred in overruling the objections of the defendant and giving instruction, numbered 2, asked by the state. This instruction wholly ignores the doctrine of self-defense, as enunciated by this court, in the cases of *State v. Stiltz*, 97 Mo. 20; *State v. Parker*, 96 Mo. 382 ; *State v. Gilmore*, 95 Mo. 554 ; *State v. Berkley*, 92 Mo. 41 ; *State v. Partlow*, 90 Mo. 608. (3) The first instruction asked by defendant should have been given. The instruction as amended and given by the court is subject to the same objections already urged against instruction, numbered 2, given on part of the state.

*John M. Wood*, Attorney General, for the State.

( 1 )  The jury found the defendant guilty of an assault with intent to kill.  He was not found guilty of an assault with intent to maim, wound, disfigure or to do great bodily harm, or of maiming, wounding or doing great bodily harm.  That part of the instruction which referred to the maiming, etc., was, therefore, harmless. *State v. Chumley*, 67 Mo. 41 ; *State v. King*, 78 Mo. 555 ; *State v. Brown*, 60 Mo. 141 ; *State v. Thompson*, 30 Mo. 470 ; *State v. Burk*, 89 Mo. 635.  ( 2 )  The instructions upon the subject of self-defense are not obnoxious to the rule laid down in the cases cited in appellant's brief. An examination will show that those were all cases of murder, in which the question was considered and discussed as bearing on the grade of the offense.  But there is really no self-defense in the case.  Therefore, although the instructions on that question may be held to be erroneous, it does not constitute cause for a reversal.  *State v. Wilson*, 98 Mo. 440.

MACFARLANE, J.—Defendant was indicted under section 1263, Revised Statutes, 1879, for an assault with intent to kill.  Evidence was offered tending to prove such assault and by means thereof the assaulted party was seriously wounded on the head.  Defendant was convicted and appealed to this court.

I.  At the close of the evidence the court gave to the jury the following instruction, among others :

"The court instructs the jury that if they believe from the evidence that defendant at the county of Hickory and state of Missouri, at any time within three years before the filing of the indictment in this cause, feloniously assaulted James Swicegood with a slungshot and that the same was a deadly or dangerous weapon, with intent to kill said Swicegood, or that by such assault said Swicegood was maimed, wounded or disfigured or received great bodily harm, they will find the

defendant guilty and assess his punishment at imprisonment in the penitentiary for a term of not less than two years nor more than five years, or in the county jail not less than six months, or by a fine not less than $100 and imprisonment in the county jail not less than three months, or by a fine of not less than $100."

This instruction, it will be seen, authorizes a conviction under section 1264, for wounding, maiming and disfiguring. The instruction was improper, unless authorized by section 1655, which provides that "upon an indictment for an assault with intent to commit a felony, or for a felonious assault the defendant may be convicted of a lesser offense."

Section 1655 has been construed several times by this court, and it has been held that, under its provisions, a conviction for the commission of the offenses designated in sections 1263 or 1265, would be good, under an indictment founded upon section 1262, if the evidence authorized it. *State v. Schloss*, 93 Mo. 363. It has also been held that a party, charged with an assault under section 1262 and convicted under section 1263, was not deprived of his constitutional right "to demand the nature and cause of the accusation" against him, before being put upon trial. *State v. Burk*, 89 Mo. 635.

The bill of rights was designed to protect the citizen from all oppressions of the government, and all of its departments, and refuge for the violation of a constitutional right cannot be taken behind a legislative act. Every citizen has the right to be advised of the "nature and cause of the accusation" against him before he can be required to answer thereto. Bill of Rights, sec. 22; *State v. Clay*, 100 Mo. 575. Hence, while the court, in the case of *State v. Burk, supra*, says, "when a party is indicted for a given offense he is bound by law, to take notice of whatever offense he may be convicted of thereunder, as the law governing the subject-matter and practice then stands," the qualification is thereafter added that one "could not be

convicted under section 1262 unless he had done all, and more, than is required to constitute the offense contemplated by section 1263." We think it clear that section 1655 was never intended to have a broader meaning than that a conviction for a lesser offense could only be had when that offense was necessarily proved, in making proof of the greater offense charged.

This defendant was indicted for an assault, with a slungshot with intent to kill. The evidence tended to prove the assault, with the weapon designated, and the infliction of a severe wound on the head. There could be no cause of complaint if, in order to prove the assault charged in the indictment, proof of wounding, maiming or disfiguring was necessarily required.

The question is not, whether these offenses were in fact proved in this particular case, but whether, under the indictment defendant could have been advised that they would necessarily be proved. It is manifest that an assault may be committed, and proved, without proof of any actual battery. If a man draw a sword, or raise a stick, at another, when in striking distance, it is an assault (Selwin, N. P. 18), or point a loaded gun at another, when within shooting distance, and threaten to shoot, intending to do so, it is an assault. *State v. Epperson*, 27 Mo. 255; *State v. Sears*, 86 Mo. 171. It would have been an assault for defendant, while in striking distance, to have drawn the slungshot, and threatened to strike.

The indictment simply charged defendant with an assault with a slungshot, intending to kill, having no charge therein of the infliction of an injury. Defendant was not bound to look beyond the indictment for the accusation against him, and he was not advised therein that he would be tried for any of the offenses enumerated in the instruction except the one with which he was charged. We think the instruction improper under the indictment in authorizing a verdict of guilty, if the assaulted party was "wounded, maimed or disfigured"

by the assault. If, in order to have proved an assault with the instrument named in the indictment, proof of the wounding had also been necessary, then, under section 1655, Revised Statutes, 1879, a verdict for wounding would have been authorized.

Our attention has been called to the case of *State v. King*, 78 Mo. 255, as asserting a different doctrine. It is true the first sentence in the opinion seems to indicate that the record pointed to a conviction for wounding when defendant was charged only with a felonious assault. The indictment is not given, and we cannot say certainly, on what section it was based, and the court, on page 557 of the opinion, declares that defendant was "found guilty of an assault, with intent to kill." The question in this case was not discussed or considered in that. We do not regard anything said in that decision as being in conflict with the opinion herein expressed.

The court also improperly amended one of the instructions asked by defendant, by inserting therein the words, "maim, wound or disfigure," making it conform to the instruction given on behalf of the state.

II. Defendant asked the following instruction: "1. The court instructs the jury, that, although they may believe from the evidence that the defendant struck and wounded Swicegood, yet it is further shown by the evidence that such striking and wounding were done for the purpose of preventing the commission of a felony upon Irvin Melton, his brother, or preventing said Swicegood from doing said Irvin Melton some great bodily harm, they will return a verdict of not guilty," which the court amended by adding thereto the following: "Unless you further find from the evidence that the said Irvin Melton sought or brought on the difficulty with said Swicegood." This amendment is complained of.

There was evidence tending to prove that Irvin Melton, who was a brother of defendant, both sought

and brought on the difficulty; in fact the evidence tended strongly to prove that the two brothers went to the entertainment with the intention of creating a difficulty with Swicegood. The right to defend his brother was no greater than the brother's right to defend himself. Counsel, in support of his position that the court improperly amended the instruction, cites the recent authorities of this state, commencing with *Partlow's case*, 90 Mo. 620, in which the question of self-defense in murder cases has been discussed, and insists that, under these authorities, he had a right to the instructions as asked. According to this contention, a party could provoke and bring on a difficulty, and, if afterwards hard pressed, could wound and injure his antagonist and go free of punishment on the ground of self-defense. The entire scope and meaning of these authorities are misapprehended. The cases cited were all trials for murder, and it was not held in these cases that self-defense, under the circumstances, acquitted the defendant of all crime but simply cut down his offense from a higher to a lower degree of homicide. In the *Gilmore case*, 90 Mo. 560, the question is made so clear that any farther consideration of it is useless. These cases have no application to assaults merely.

The amendment of the instruction was proper. For the error in giving the first instruction, the judgment is reversed and cause remanded. All concur.