## THE STATE v. JOHNSON, *Appellant.*

Division Two, June 4, 1895.

1. **Criminal Practice**: CONVICTION OF LESSER OFFENSE. Where an indictment charged an assault with intent to kill, within the terms of section 3489, Revised Statutes, 1889, and the evidence sustained the charge, it was not error to refuse to instruct the jury on the offense of "wounding, maiming and disfiguring" prohibited by section 3491, Revised Statutes, 1889.

2. ———: FLIGHT. There was no error, under the circumstances of this case, in failing to instruct on flight.

3. ———: IMPROPER REMARKS OF PROSECUTING ATTORNEY. Improper remarks of counsel for the state, made during the trial of a cause can only be preserved by exception duly taken at the time.

4. ———: FELONIOUS ASSAULT: EVIDENCE: GUILT OF PERSON OTHER THAN DEFENDANT. A refusal, on a trial for felonious cutting, to admit evidence that a third party did the cutting is not error, where no witness was produced to show that such person did in fact commit the offense. and all the testimony pointed to the guilt of the defendant and the jury were instructed that, unless they believed beyond a reasonable doubt that the defendant did the cutting, they must acquit.

*Appeal from Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Silver & Brown* for appellant.·

(1) Wherever it is the duty of the trial court, upon a proper request in a criminal case, to instruct the jury upon any material question of law arising on the evidence, it is equally obligatory upon it of its own motion to instruct the jury upon such matter, whether requested to do so or not. *State v. Taylor*, 118 Mo. 154. (2) court committed error in failing to instruct the jury on the offense of maiming, wounding and doing great bodily harm as described in Revised Statutes, 1889, section 3491. *State v. Melton*, 102 Mo. 683. The indictment in the case at bar directly charges physical or bodily injury, and hence falls within the above decision. The motion for a new trial expressly assigns the omission to instruct on the above section as a ground for a new trial. (3) The court erred in giving that part of instruction number 1 authorizing the jury to disregard the whole or any part of the testimony of any witness who had testified willfully falsely. There was no evidence affording a foundation for said instruction. *White v. Maxey*, 64 Mo. 552; *State v. Cushing*, 29 Mo. 217; *Batterson v. Vogel*, 10 Mo. App. 235. Defendants refused instruction number 7 should have been given. (4) The court committed error in refusing to instruct on the question of defendant's alleged flight, and especially is this true in view of the use made of it by the counsel for the state in their argument to the jury. *State v. Taylor, supra.* (5) The trial court erred in excluding the affidavits filed by defendant in support of the motion for a new trial. They were competent and relevant on the hearing of the matters alleged in the motion, and their exclusion was error. 2 Thompson on Trials, sec. 2758. The affidavits were not controverted. The recollection of the trial court may on motion for new trial be aided by affidavits. 2 Thomp-

son on Trials, sec. 2758; *Chambers v. Thompson*, 30 Fed. Rep. 38. (6) The court erred in refusing to admit the testimony tending to show that Mack did the the cutting, and also in refusing instruction number 8 asked by the defendant on that theory. Any evidence tending to show that some other person than the accused committed the act is competent. Of course mere hearsay statements are inadmissible.

*R. F. Walker*, Attorney General, *F. E. Luckett*, Prosecuting Attorney, and *J. W. Zevely* for the state.

(1) Under the testimony in this case the court was not authorized to give any instructions, except as to the crime for which the defendant had been indicted. This crime is entirely covered by the first paragraph of instruction number 1, given by the court. *State v. Jones*, 86 Mo. 628. Defendant should have excepted at the time the court failed to give the instruction of which he now complains. *State v. Cantlin*, 118 Mo. 111. (2) Nor did the court commit reversible error in that paragraph of instruction number 1, relating to the credibility of witnesses. It was sought by the defendant throughout the entire trial, as indicated by the testimony offered by him, to contradict and impeach the testimony of the state's witnesses, and evidently with that phase of the testimony in the mind of the court, he gave that instruction to the jury. The defendant, under the facts in this case, certainly could not have been prejudiced by that instruction. (3) The defendant complains that the court committed reversible error in failing to direct the attention of the jury to the fact of defendant's alleged flight. This might have been prejudicial error against the state, but how the defendant could have been prejudiced by the failure of the court to give this instruction, we do not

understand; as a matter of fact, under the testimony in this case, such an instruction would have been unauthorized. The testimony as to the alleged flight was insufficient to support or authorize any such instruction. The case of *State v. Moore*, 101 Mo. 330 is inapplicable. (4) Nor did the court commit error in refusing to admit the testimony tending to show that Mack had committed the crime. The declarations of Mack or admissions of guilt would have been inadmissible. *State v. Hack*, 118 Mo. 99. (5) It does not appear from the record, or the affidavit filed in support of the motion for new trial, that any objections were made to the remarks of counsel, or that any exceptions were taken and saved at the time they occurred; hence, these alleged errors will not be considered here. *State v. Wilson*, 117 Mo. 583.

GANTT, P. J.—At the December term, 1894, of the Cole county circuit court, the grand jury preferred the following indictment against Al Johnson:

"The grand jurors for the state of Missouri, summoned from the body of the county of Cole, now here in court duly empaneled, charged and sworn to inquire within and for the county of Cole in the state of Missouri, upon their oath do present and charge that Al Johnson, late of the county aforesaid, at and in the county aforesaid, on the thirteenth day of November, 1893, in and upon the body of one Samuel Stephens, feloniously, on purpose, and of his malice aforethought, did make an assault, and did then and there feloniously, on purpose, and of his malice aforethought, with a certain knife which he, the said Al Johnson, in his right hand then and there had and held, cut and stab him, the said Samuel Stephens, in and upon the hand, head, arm and ear of him, the said Samuel Stephens, with intent the said Samuel Stephens feloniously, on

purpose, and of his malice aforethought to kill and murder, against the peace and dignity of the state of Missouri.''

He was duly arraigned, tried and convicted, and sentenced to two years' imprisonment in the penitentiary, and has appealed to this court.

The testimony discloses these facts: That on November 13, 1893, a number of persons were standing in a saloon at Centertown, Cole county, Missouri, among whom was the prosecuting witness, Stephens; that while Stephens was standing at the saloon counter in the act of buying a pint of whiskey, the defendant, Johnson, asked the prosecuting witness: ''Where is the old man?'' Stephens replied? ''Don't know.'' The defendant immediately walked around to where Stephens was standing and began cutting him with a knife; the defendant continued to cut him several times, and until Stephens had retreated and gotten out of his way.

The defense offered by the defendant was that he was not the person who did the cutting, but that it was done by one James Mack, who was present in the saloon at the time. This he attempted to show by statements of the various witnesses for the state. These statements were offered to contradict and impeach the witnesses, and were admitted by the court when a foundation therefor had been laid in the examination of the state's witnesses.

The court instructed for assault with intent to kill "on purpose," and with "malice aforethought." Defined "malice aforethought" and "on purpose." It also instructed on the credibility of witnesses, defined reasonable doubt and gave defendant's instruction thereon.

I.   It is assigned for error that the court failed to instruct the jury on the offense prohibited by section

3491, Revised Statutes, 1889, which provides that if any person shall be maimed, wounded or disfigured, or his life be endangered by the act, procurement, or culpable negligence of another, under such circumstances as would constitute murder or manslaughter if death had ensued, the person by whose act such injury shall be occasioned shall be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail, or by fine, or by both fine and imprisonment in the county jail.

The charge in the indictment was the felonious assault and not for maiming or injury to the person stabbed. The indictment described an offense within the exact terms of section 3489 and the evidence fully sustained it. No effort was made to prove any other offense and no error was committed in confining the case to the crime charged by the indictment and established by the evidence. *State v. Melton*, 102 Mo. 683, does not conflict with this view in the least, but entirely accords with it.

II. There was no error in failing to instruct on flight, and certainly defendant can not complain that the court did not inform the jury that they could draw an unfavorable inference because defendant left Centertown the night he stabbed Stephens.

III. The court very properly excluded the affidavits offered to show that the counsel for state made an improper reference to the failure of defendant to testify in his own behalf. We have repeatedly ruled that this can only be shown by exception duly taken at the time.

IV. There was no error in refusing the offer of evidence to show that one Mack did the cutting. It can hardly be said to have been an offer. The court had admitted the evidence tending to impeach the state's witnesses by proving they had said Mack did

the cutting, and no witness was offered to show that Mack did in fact assault Stephens, or that defendant did not. The defendant was on trial for his own conduct that night and the jury was instructed that, unless they believed beyond a reasonable doubt that he cut and stabbed Stephens they must acquit him. Showing that Mack also stabbed Stephens would not exonerate Johnson, if they believed the evidence for the state. But there was no conflict in the evidence. All the testimony pointed to the guilt of defendant and the jury were fully justified in finding him guilty as charged, and their verdict is affirmed. Burgess and Sherwood, JJ., concur.