State v. Hull.

STATE OF MISSOURI, Respondent, v. CHARLES HULL, Appellant.

St. Louis Court of Appeals, January 18, 1898.

Criminal Law: JUDGMENT: PLEADING. A judgment on a verdict of guilty, in the absence of a plea of not guilty, is reversible error.

*Appeal from the Clark Circuit Court.*—HON. EDWIN R. McKEE, Judge.

REVERSED AND REMANDED.

*Berkheimer & Dawson* and *Chas. Miller* for appellant.

The defendant must be arranged, and a failure in this respect is reversible error. *State v. Williams*, 117 Mo. 379; *State v. Hubbell*, 55 Mo. App. 262; *State v. Walker*, 119 Mo. 467; *State v. Geiger*, 45 *Id.* 111; *State v. Haycroft*, 49 *Id.* 488.

No brief filed for respondent.

BLAND, P. J.—The defendant was charged of wife abandonment, tried by a jury, found guilty, and a judgment rendered against him on the verdict, from which he was duly appealed to this court.

No bill of exception was filed, hence the case is here upon the record proper. The pleadings by which an issue of fact is raised for trial by jury are a part of the record proper. In a criminal case the charge of guilt is made by the indictment or information; this fact is put in issue by the plea of not guilty; this plea under our practice is made upon an arraignment of the

defendant and hearing of his plea in open court, which must be noted on the minutes of the court and entered upon its record. A plea of not guilty was not made in this case, as is shown by the record. In the absence of this plea no issue of fact was raised for trial by a jury; none upon which evidence could be heard or a verdict rendered. This is reversible error. *State v. Walker*, 119 Mo. 467; *State v. Williams*, 117 Mo. 379; *State v. Hoffman*, 70 Mo. App. 271; *State v. Haycroft*, 49 Mo. App. 488; *State v. Hubbell*, 55 Mo. App. 262; *State v. Geiger*, 45 Mo. App. 111. Judgment reversed and cause remanded. All concur.