STATE OF MISSOURI, Respondent, v. GEORGE
LLEWELLYN, Appellant.

**St. Louis Court of Appeals, April 1, 1902.**

1. **Criminal Law: INDICTMENT: POINTING FIREARMS: IN-
STRUCTION.** An indictment charging that defendant did unlaw-
fully, willfully and intentionally assault, strike, beat and wound
the prosecuting witness by pointing a revolver at him in a rude
and threatening manner, is sufficient.

2. ———: ———: ———: ———: **INSTRUCTION.** On prosecution
for an assault by pointing a pistol at the prosecuting witness, an
instruction that the jury should find the defendant not guilty,
unless they believe he intended to shoot the witness or do him
bodily harm, was properly refused.

3. ———: **ARRAIGNMENT AND PLEA.** When there was no ar-
raignment of the defendant and no plea of not guilty entered by
him, a judgment of conviction will be reversed.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,*
Judge.

REVERSED AND REMANDED.

*Whiteside & Yant* for appellant.

There was no arraignment, and this is sufficient cause for
reversal. State v. Williams, 117 Mo. 379; State v. Walker,
119 Mo. 467; State v. Hubbell, 55 Mo. App. 262; State v.
Hull, 73 Mo. App. 30; State v. Grassle, 74 Mo. App. 313.
The indictment does not charge nor does the evidence prove an
assault. State v. Sears, 86 Mo. 169.

BLAND, P. J.—Defendant was tried and convicted on
the following indictment:

"We, the grand jury for the State of Missouri, impaneled, sworn and charged to inquire within and for the body. of said county, upon our oath present and charge that on or about the tenth day of August, 1900, at the county of Clark, in the State of Missouri, one Dr. Geo. Llewellyn did then and there unlawfully, willfully and intentionally assault, strike, beat and wound one A. J. VanVelson, by then and there pointing a revolver at the said A. J. VanVelson in a rude and threatening manner, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State.

"BEN SMITH, Pros. Att'y.

"A true bill.

"H. B. Montgomery, Foreman."

The evidence tended to prove that the defendant went into the postoffice at Winchester, in Clark county, kept by the prosecuting witness, A. J. VanVelson, asked the prosecuting witness what he kept there, pulled out a revolver and stuck it into the delivery window and said, "Deliver me that mail over." The prosecuting witness dropped down behind the counter, called to his daughter to bring him his shotgun and defendant then ran out of the door into the street.

Defendant asked, and the court refused to give, the following instructions:

"1.   The court instructs the jury, that under the law, the indictment and evidence in this case are not sufficient to sustain a verdict of guilty, and you are instructed to find the defendant not guilty.

"2.   The court instructs the jury that unless you believe from the evidence that defendant intended to shoot the prosecuting witness, you will find the defendant not guilty.

"3.   The court instructs the jury that unless they find from the evidence that defendant intended to shoot the prosecuting witness or do him bodily harm, they will find the defendant not guilty."

The defendant filed timely motions for new trial and in arrest of judgment. The motion in arrest, omitting caption, is as follows:

"Now comes George E. Llewellyn, the said defendant, and moves the court to arrest the judgment in this cause for the following reasons:

"1. Because the indictment is insufficient in law, and does not charge any offense against this defendant, in this, to-wit. The indictment does not charge that the revolver was loaded, nor that the defendant intended to shoot or strike or do bodily harm to the prosecuting witness, VanVelson.

"2. Because the indictment and record in this case is insufficient to support a judgment of conviction, and upon the whole record the verdict and judgment should be for the defendant."

These motions were both overruled and defendant appealed.

The contention of appellant is that the indictment failed to charge any intent on the part of the appellant to shoot the prosecuting witness.

The indictment was for a common assault. The forms given by the text-writers for this character of indictments are: "Did make an assault, and him, the said C. D., then did beat." 1 Arch. Crim. Pr. and Pl., 915, 926. "Did make an assault, and him, the said J. H., then and there did beat," etc. 3 Chitty Crim. Law, 821. The indictment, we think, was sufficient.

Appellant's contention is that instructions numbered 2 and 3 asked by him should have been given.

In State v. Sears, 86 Mo. 169, the court held that an instruction given which declared that, "if defendant assaulted Whidby by pointing a loaded gun at him in a threatening manner and cocking it within a shooting distance of him, they should find defendant guilty of a common assault," was erroneous, in that it omitted the element of the intention on the

part of the defendant to do an injury. This case is approvingly cited in State v. Melton, 102 Mo. 1. c. 687. But in the later case of State v. Dooley, 121 Mo. 591, it is held that; "Pointing a pistol at another within shooting distance constitutes an assault." See, also, State v. Epperson, 27 Mo. 255.

In Bishop's Criminal Law, volume 2, section 23, the author defines an assault as "any unlawful physical force, partly or fully put in motion, creating a reasonable apprehension of immediate physical injury to a human being: as, raising a cane to strike him; pointing, in a threatening manner, a loaded gun at him; and the like." In the same volume, section 31, the author says, "Merely to draw a pistol, without presenting or cocking it, comes short of an assault, but the attending circumstances may render it such. To proceed further and point it at a person will complete the assault or not, according as words and the other accompaniments create or not an apparent danger or a battery." And in respect to the intent the same author, at section 60, volume 2, says, "It is not necessary in simple assault that there should be the specific purpose to do a particular injury, but general malevolence or recklessness is sufficient." To point a pistol at another with intent to shoot him would raise the grade of the offense from a common to a felonious assault and it would have been error to have instructed the jury to find the defendant guilty of a felonious assault in order to convict him of a common assault. The court did not commit error in refusing the instructions.

There was no arraignment of the defendant and no plea of not guilty entered by him. There was, therefore, no issues to be tried by the jury. State v. Walker, 119 Mo. 467; State v. Williams, 117 Mo. 379; State v. Hull, 73 Mo. App. 300; State v. Grassle, 74 Mo. App. 313.

The judgment is reversed and the cause remanded. *Barclay* and *Goode, JJ.,* concur.