## STATE OF MISSOURI, Respondent, v. WILSON, Appellant.

### St. Louis Court of Appeals, May 28, 1907.

1. **CRIMINAL PRACTICE: Information: Felonious Assault.** An information charging the defendant with a felonious assault is sufficient if it follows the language of the statute and where an information for felonious assault charged the defendant with committing the assault with a loaded pistol by pointing such pistol in a threatening manner at the person assaulted, this was sufficient and it was not necessary to state that the person assaulted was within such distance as to be endangered or that the pistol was pointed at a vital part.

2. ————: ————: **Conviction of a Lesser Crime Than the One Charged.** Under section 2369, Revised Statutes 1899, where an information charged the defendant with committing a felonious assault, he could be convicted of common assault.

3. ————: ————: ————: **Instruction.** In the trial of defendant charged with felonious assault by pointing a loaded pistol at the person assaulted, it was proper for the court to instruct that if the assault was committed without intent to kill or do great bodily harm, the defendant could be convicted of common assault.

4. ————: ————: **Verdict.** Where defendant was charged with felonious assault in two counts both referring to the same act, and, under either count, he could have been convicted of common assault, a verdict finding him guilty of common assault is not erroneous for failing to state under which count he was convicted.

Appeal from St. Louis City Circuit Court.—*Hon. Matthew G. Reynolds,* Judge.

AFFIRMED.

*Morton Jourdan* and *Hiram N. Moore* for appellant.

The instructions are erroneous, confusing and misleading. First, instruction numbered 1 tells the jury if they find defendant pointed the pistol "at a vital part of the body of said Oliver J. Beck," and that at the time defendant was "within shooting distance of Beck." Thus the court, by instruction, attempted to supply the defect in the information, and, in so doing, instructed on material facts not charged in the information—in other words, the instruction is broader than the information, and, for that reason, is bad. State v. Smith, 119 Mo. 439; State v. Powers, 130 Mo. 474, 5. The verdict is insufficient upon which to predicate a judgment. It fails to state upon which count of the information they found the defendant guilty, even though where there is a defective and a good count the verdict must specify on which count it is based. State v. Pitts, 58 Mo. 556; State v. Cassity, 49 Mo. App. 302.

*Arthur N. Sager,* Circuit Attorney, and *Grant Gillespie,* Assistant Circuit Attorney, for State.

(1) The information in this case is sufficient and the court has jurisdiction. State v. Clayton, 100 Mo. 516; State v. Temple, 194 Mo. 237; State v. Williams, 66 Mo. App. 148. (2) If there is one good count in this information it is sufficient to sustain a general verdict of guilty and a general verdict in this case is valid. State v. Jennings, 18 Mo. 435; State v. Montgomery, 28 Mo. 594; State v. Watson, 31 Mo. 361; State v. Testeman, 68 Mo. 408; State v. McCue, 39 Mo. 112;

State v. Blan, 69 Mo. 317; State v. Clark, 147 Mo. 20; State v. Miller, 67 Mo. 604; State v. McDonald, 85 Mo. 539; State v. Jackson, 90 Mo. 156; State v. Noland, 111 Mo. 473; State v. Van Wye, 136 Mo. 227; State v. Schmidt, 137 Mo. 266.

STATEMENT.—Among the instructions given by the court were the two following:

"The court instructs you to consider first the charge of assault with intent to kill with malice aforethought, and under the second count of the information, withdrawing from your consideration the first count.

"On the second count the court instructs you as follows:

"First. If upon consideration of all the evidence in the case and in the light of the court's instructions, you find and believe from the evidence that at the city of St. Louis and State of Missouri, on or about the 8th day of November, 1904, or at any time within three years next before the filing of the information herein, the defendant, Joseph Wilson, made an assault upon the prosecuting witness, Oliver J. Beck, with a revolver-pistol loaded with gunpowder and leaden balls, and did point said revolver-pistol so loaded as aforesaid (if you find it was so loaded) at a vital part of the body of the said Oliver J. Beck, and within shooting distance, and that said revolver-pistol was a deadly weapon likely as used to produce death or great bodily harm, and if he did so wilfully, on purpose and with malice aforethought, with the intent to kill him, the said Oliver J. Beck, you will find the defendant guilty of an assault with intent to kill with malice aforethought, as charged in the second count, and assess his punishment at imprisonment in the penitentiary for a term not less than two nor more than ten years.

"The terms "wilfully" and "on purpose" mean intentionally and not by accident.

"The term 'malice aforethought' as used in the information and in these instructions, means that one intentionally does what he knows to be a wrongful act, and that he has thought of it and determined to do it for any length of time beforehand, however short.

"You are further instructed that if one person intentionally uses upon another a deadly weapon (that is, a weapon which, as used, is likely to produce death) at a vital part of the body, and in such a manner that death is likely to result, he is presumed by such to have intended to kill, and if he so uses such weapon without just cause or provocation, he is presumed to have acted with malice aforethought. Whether the said revolver-pistol was a deadly weapon and whether such weapon was used in such a manner and with such intent by the defendant on the occasion under consideration, are matters to be determined by you from all the facts and circumstances in the case.

"Third. If you find from the evidence that such assault was made by defendant, but that he had no intention to kill or do great bodily harm, then you will find him guilty of common assault and assess his punishment at a fine not to exceed one hundred dollars, or by imprisonment in the city jail not exceeding six months, or by both such fine and imprisonment."

GOODE, J. (after stating the facts).—This defendant was informed against for felonious assault. He is a police officer of the city of St. Louis, as the instructions show, the evidence not having been preserved in the bill of exceptions. The information is challenged as insufficient to support the verdict, which found the defendant guilty of a common assault only, and imposed a fine of one hundred dollars and imprisonment for six months in jail. We need not notice the first count of the information, because it was withdrawn from the consideration of the jury. There are two other

126 App—20

counts of which the second is for assault with intent to kill and charges that defendant feloniously, wilfully, on purpose, and of malice aforethought, with a deadly weapon, to-wit; a revolver-pistol, loaded with gunpowder and leaden balls, made an assault on Oliver J. Beck, by pointing said revolver-pistol at the body of said Beck in an angry, violent and threatening manner, with the intent the said Oliver J. Beck, wilfully, on purpose and of malice aforethought to kill, contrary to the statute in such case made and provided and against the peace and dignity of the State. The third count is in the same form, except that instead of charging the assault, in manner and form stated, was with the intent to kill Beck, it is charged that his life was endangered by the assault. The second count of the information is excepted to because it does not allege the defendant, when the assault was committed, was within such distance of Beck as either to endanger the latter's life, or maim, wound or disfigure him. The information follows the language of the statute, is not materially different from one approved by the Supreme Court in State v. Temple, 194 Mo. 228, 92 S. W. 869, and contains all the averments ruled to be necessary in an indictment for similar acts in State v. Dooley, 121 Mo. 591, 26 S. W. 558.

The second point made in the brief for defendant is that if the information charges an offense at all, it is simply common assault, and therefore the circuit court for criminal cases of St. Louis was without jurisdiction. What we have said above disposes of this point. The indictment was for a felony; but as the crime of which defendant was found guilty was involved in the commission of the felony charged, he was properly convicted of the offense of lower degree. [R. S. 1899, sec. 2369.] It has been held that under an indictment for assault with intent to kill, founded on section 1847, of the Revised Statutes of 1899, a defendant may be con-

victed of the felonious assault covered by section 1848
or of common assault covered by section 1850. [State
v. Melton, 102 Mo. 683, 15 S. W. 139; State v. Schloss,
93 Mo. 361, 6 S. W. 244; State v. Burk, 89 Mo. 635;
State v. Sears, 86 Mo. 169.] Pointing a loaded pistol
at Beck might be either a common or a felonious assault
according to the intention with which the act was done.
[State v. Dooley, 121 Mo. loc. cit. 596; State v. Epper-
son, 27 Mo. 255; State v. Llewellyn, 93 Mo. App. 469,
67 S. W. 677.] Hence defendant might be found guilty
of the former crime as included in the latter. [R. S.
1899, sec. 2370; State v. Burk, supra; State v. Brent,
100 Mo. 531, 13 S. W. 874.]

Complaint is made of the first instruction on the
ground that it was broader than the information, in
requiring the jury to find the pistol was pointed at a
vital part of the person of Beck and when within shoot-
ing distance of him. This criticism reaches back to
the question of the sufficiency of the information. We
have been cited to no authority for the proposition that
it is necessary to allege those facts. On the contrary
we find decisions approving instructions which required
them to be found, though not alleged, when the evidence
made such a requirement proper. State v. Dooley;
State v. Sears, supra. The evidence not having been
brought up, we are unable to say what its tendency was
in regard to showing whether or not defendant was so
far away from Beck at the time the latter was threat-
ened with a loaded pistol, as to render the act harmless.
It is to be presumed there was evidence to prove he
was not that far away. We have copied no instructions
but the first and third, because the court authorized
a conviction for common assault in no instruction but
the third and then only in case the acts of violence
predicated in the first, as essentials to be found in order
to convict of a felonious assault, were found to have
been done by defendant with an intent to kill or do

great bodily harm. The court committed no error in advising the jury that if an assault, in the manner predicated in the first instruction, was made without the intention to kill Beck, or do him great bodily harm, defendant could be convicted of common assault. This instruction was proper because the facts the jury were required to find in the first instruction, if committed with no felonious intent, contained all the elements of a common assault.

The instructions not quoted require no examination in view of the points made on the appeal. It is insisted that the verdict was fatally defective in failing to state on which count of the information the defendant was found guilty. As a common assault would have been involved in either of the felonious assaults charged in counts two and three of the information, and as both counts relate to the same acts, a general verdict of guilty was valid. [State v. Schmidt, 137 Mo. 266, 38 S. W. 938.] Moreover, it is to be remarked that no point is made in the motions for new trial or in arrest in regard to the verdict not specifying the count.

There being no reversible error in the record, the judgment will be affirmed. It is so ordered. All concur.